BESWICK
*ve*
CHAPPEL.

*Ensworth* for appellant.

---

CASE.

*Case* 122.

*July* 8.

## Beswick *vs* Chappel.

### ERROR TO THE BULLITT CIRCUIT.

#### *Slander. Perjury. Words. Inuendo.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

To charge that
one swore to a
lie on the oath
which he took as
a viewer of a
proposed altera-
tion of a road, is
not a charge of
perjury.

CONCEDING that the first count in the declaration suf-
ficiently shows that the words spoken by the defendant
should be understood as importing the charge that the
plaintiff had sworn to a lie in the oath which he took as
a viewer of a proposed alteration of a public highway,
under the appointment of the County Court, we are of
opinion that this imputation is not a charge of perjury,
nor equivalent to it. The mere breach of the duty per-
taining to the office of a viewer, and which by the oath
the party undertakes to perform with fidelity and to
the best of his skill, is not the crime of perjury, which
in common as well as legal understanding, applies to
the statement of a fact in the course of some judicial

or *quasi* judicial proceeding, and not to the statement of a promise, nor to an oath of office. And if perjury could be committed in taking such an oath with the pre-conceived determination to violate it in a certain particular, which was afterwards actually done, all the circumstances necessary to demonstrate the crime should be stated in the declaration, so that it might appear that the words of the defendant did in fact, when applied to the subject, import a charge of perjury.

The first count is insufficient, because the words therein stated, viz: "If I had sworn to what you did, I would have sworn to a lie," do not of themselves import a charge of perjury, and the colloquium or explanatory statement of the facts to which those words refer, does not show that the words, as applied to those facts, should be understood as importing such a charge. The introduction of this statement of facts, after, instead of before the statement of the words themselves, is a violation of the rule which requires the facts to be stated in their natural order, and as it detracts from the clearness and intelligibility of the statement, it is a serious fault in the pleading. But if all the necessary facts be stated in such a manner as that they may have their proper bearing, the objection that they are stated in one part of the declaration instead of another, is not deemed fatal.

The second count alledges these words to have been spoken by the defendant, "you removed the corner tree," and adds: "The defendant thereby referring to and speaking of a corner between the survey of said plaintiff and the survey of said Chappel," &c. The wilful and fraudulent removal "of any corner tree to any survey in this Commonwealth," is made a penitentiary offence by the act of 1809, (*Stat. Law*, 1286.) And words falsely charging this offence, are undoubtedly actionable. But the words "you removed the corner tree," do not of themselves import this charge, unless used in reference to the corner tree of a survey, &c. and that they were so used, must be shown by a distinct averment that the defendant was speaking of some particular survey, and of a corner thereof, which aver-

<div style="margin">
BESWICK
*vs*
CHAPPEL.

"If I had sworn to what you did, I would have sworn a lie," do not of themselves import a charge of perjury.

'You moved the corner tree,' adding, 'the defendant thereby referring to and speaking of a corner tree between said plaintiff and the survey of said Chappel,' not actionable without a distinct averment showing that the words were used in reference to some corner tree of a particular survey.
</div>

ment is called the *colloquium.* There is no such aver-ment in this count. The words "the defendant thereby referring to, and speaking of a survey," &c., amount to nothing more than an *inuendo,* expressing the meaning of the words which the defendant is alledged to have spoken. And as the words themselves do not, without the aid of extraneous matter, import this meaning, that extraneous matter should have been averred, and then the words, if stated to have been spoken of and concerning it, might have borne the meaning which the plaintiff desires to give to them.

But, instead of making this statement of the extraneous matter, and of the colloquium, the declaration attempts to deduce, both from the words themselves, and thus to extend their meaning, which is inadmissible. This count is therefore wholly insufficient.

The third count is subject to the further objection, that the removal of "a stake," even if it was the corner of a survey, is not a penal offence, the denunciation of the statute being confined to the removal of a *corner tree.*

Wherefore, the declaration being altogether defective and insufficient, the judgment for the defendant is affirmed.

*W. R. Thompson* for plaintiff; *Hardin and Riley* for defendant.

*No deduction from words spoken, not justified by their natural import, is warranted without a colloquium, which gives the meaning pointed out by the inuendo.—The inuendo cannot extend the meaning beyond the previous statement.*