Nov. Term,
1849.

Millison
v.
Sutton.

**Millison v. Sutton.**

An action for slander. The declaration alleged, by way of inducement, that the plaintiff was an unmarried woman, and the sister of *Jesse Millison*, and then alleged that the defendant, in the presence of divers persons, spoke and published the following false, &c., words, namely, "all the bravery you ever showed was in sleeping with your sisters," (meaning the plaintiff,) thereby meaning that the said *Jesse* had been guilty, &c. *Held,* that the extrinsic facts were not sufficiently alleged, and therefore the count contained no cause of action.

*Friday,*
*November* 30.

APPEAL from the *Pulaski* Circuit Court.

BLACKFORD, J.—This was an action of slander brought by *Eliza Millison.* The declaration contains two counts. General demurrer to the declaration, and judgment for the defendant.

The first count, by way of inducement, alleges that the plaintiff is an unmarried woman, and one of the sisters of *Jesse Millison.* The count then alleges, that the defendant, in presence of divers persons, spoke and published the following false, scandalous, and malicious words, addressed to *Jesse Millison,* of and concerning the plaintiff, namely, " all the bravery you ever showed was in sleeping with your sisters," (meaning the plaintiff) ; thereby meaning that said *Jesse* had been guilty of sexual intercourse with the plaintiff; and so the persons present understood the defendant to mean and insinuate.

We do not think that this count contains any cause of action. There are no extrinsic facts alleged, except that the plaintiff is unmarried, and is one of the sisters of *Jesse Millison.* We agree that there is nothing in the objection that the words were not imputed to the plaintiff specially, but to all the sisters of said *Jesse.* If, instead of the words " your sisters," the phrase had been " one of your sisters," there might have been reason for saying that the person intended was uncertain. But . the expression " your sisters," is free from that objection, as it includes them all. *Gidney* v. *Blake,* 11 Johns. 54. The words, however, though spoken of the plaintiff, are not of themselves actionable. To be so, they must convey the idea

that the plaintiff had had sexual intercourse with her bro-
ther *Jesse;* but we do not consider that to be their natural
meaning. The conversation, as appears by the ironical
words laid, was not as to such intercourse, but as to the
cowardice of her brother and the defendant. It is true,
that the words in question may have conveyed the mean-
ing claimed for them by the plaintiff; but if so, it must
have been owing to extrinsic facts to which the conversa-
tion in which the words were spoken had reference.
There is no averment, however, of any such facts.

The second count states a certain other conversation
between the defendant and said *Jesse,* in the hearing of
divers persons, in which the said *Jesse* said to the defend-
ant, " all the bravery you ever showed was in whipping
your wife." In reply, the defendant spoke of and con-
cerning said *Jesse* and the plaintiff these false, scandalous,
and malicious words, namely, " all the bravery you ever
showed was in sleeping with your sisters," (meaning the
plaintiff). To the last remark, the said *Jesse* replied, " I
say nothing but what I can prove;" and the defendant
answered, " neither do I;" thereby meaning to insinuate
and have it understood by said *Jesse* and the other per-
sons present, that said *Jesse* had been guilty of sexual
intercourse with the plaintiff, and that the defendant could
prove it; and so said *Jesse* and said other persons under-
stood the defendant.

One objection to the second count is, that there is no
averment that the plaintiff is a sister of *Jesse Millison.*
Without such an averment, the words are not shown to
be applicable to the plaintiff. But, independently of that
objection, this count is not sustainable. It alleges the
existence of no extrinsic facts. The object of each of
the speakers was to show that the other was a coward.
The words relied on in this count are similar to those laid
in the other, and are not, of themselves, actionable. The
words in question, especially when the whole conversa-
tion is considered, do not, according to their ordinary ac-
ceptation, mean that the plaintiff had had sexual inter-

course with her brother; and no circumstances are alleged showing that the words were used in that sense.

We think the demurrer was correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Pratt*, for the appellant.

*J. W. Wright*, for the appellee.