## WARD VS. WARD.

*Divorce— Willful desertion for one year—Refusal to provide for wife.*

1. The complaint in this case held not to show a willful desertion of the wife by the husband for one year previous to the filing thereof.
2. For a divorce from bed and board, under subd. 3, sec. 10, ch. 111, R. S., it must be alleged and shown not only that the husband has neglected or refused to provide for the wife, but that he has so neglected or refused, *being of sufficient ability, &c.*

APPEAL from the Circuit Court for *Waushara* County.

Action for a divorce from the bonds of matrimony. The summons, dated January 25, 1865, states that the complaint "will be filed," &c. An order of service by publication was obtained on the day of the date of the summons, and the same was published for six successive weeks, the first publication being on the 28th of January, and the last on the 4th of March, 1865. The complaint was filed April 11th, 1865. It alleges that the defendant abandoned the plaintiff on the 3d of March, 1864, and has wholly neglected to provide for her or to furnish her a home, and that she has been under the necessity of residing with her parents since that time, and also since her marriage with him, which is elsewhere alleged to have occurred on the 4th of September, 1863. It also contains allegations of the good conduct of the plaintiff towards defendant, her willingness and readiness at all times to cohabit with him, and that he has abandoned her without just cause or provocation.

At the April term of said court in 1865, the plaintiff ob-

tained a reference to take testimony, and filed a paper in the form of an affidavit of no answer, which however was not sworn to. The referee reported the evidence of the plaintiff and her father, which was substantially like the allegations of the complaint; and the court rendered a judgment dissolving the marriage contract; from which the defendant appealed.

*W. C. Webb*, for appellant.

*L. L. Soule*, for respondent.

COLE, J. The complaint in this case is fatally defective. It does not show a willful desertion of the wife by the husband for the term of one year next preceding the filing of the complaint, and therefore does not bring the case within subdivision 4, sec. 9, ch. 111, R. S. Nor does it state a good ground of divorce under subdivision 3, sec. 10. That clause provides that a divorce from bed and board forever, or for a limited time, may be adjudged on the complaint of the wife, when the husband, being of sufficient ability, shall neglect or refuse to provide for her. There is no allegation in the complaint that the husband, being of sufficient ability, refuses or neglects to provide for the plaintiff.

Neither is there any affidavit that no answer has been served. There is a paper included in the record which was undoubtedly intended as an affidavit that no answer had been served, but it is not sworn to, and therefore is of no effect.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded, with directions to dismiss the complaint.