SCHURICK v. KOLLMAN ET UX.

SLANDER.—*Slanderous Words.*—The word "bitch," when applied to a woman, does not, in its common acceptation, import whoredom in any of its forms, and therefore is not slanderous; nor can the *innuendo* change its meaning.

From the Marion Civil Circuit Court.

*H. W. Harrington* and *H. Francisco*, for appellant.

*A. G. Porter*, *W. P. Fishback*, and *G. T. Porter*, for appellees.

BIDDLE, J.—The appellees sued the appellant for speaking slanderous words of the appellee Elizabeth, wife of the appellee Henry Kollman. The complaint lays the charge as follows:

" That the defendant did, on," etc., "at," etc., "falsely, wickedly, and maliciously speak and utter, in a certain conversation then and there had and held by and between the defendant and one Sarah M. Mooth, and in the hearing of divers good people, and at divers times, of and concerning his said gold watch, and of and concerning the same having been stolen, and of and concerning the plaintiff Elizabeth and her character for virtue, the following false and slanderous words, to wit: ' Mrs. Kollman' (the plaintiff Elizabeth meaning) 'is the d——d b——h that stole my watch ' (the defendant's said gold watch meaning); again, ' Mrs. Kollman' (the plaintiff Elizabeth meaning) 'is the d——d b——h who stole my watch ;' again, ' Mrs. Kollman' (the plaintiff Elizabeth meaning),'the d——d b——h, who stole my watch ' (the said gold watch meaning); and again, ' Nobody stole the watch' (the defendant's said gold watch meaning) 'but the d——d b——h Kollman' (the plaintiff Elizabeth meaning), 'and if Kollman knew it he would kill her' (the plaintiff meaning); again, ' Mrs. Kollman' (the plaintiff meaning) 'took my watch' (the defendant's said gold watch meaning); again, ' No one has the watch' (the plaintiff's gold watch meaning) 'but the d——d b——h of Kollman' (the plaintiff Elizabeth meaning), 'and if Kollman' (the plaintiff Henry meaning) 'knew it, he would kill her ;' again, 'Mrs.

Schurick v. Kollman et ux.

Kollman is the woman who took my watch ' (the said gold watch meaning); whereby the said defendant then and there charged and accused, and thereby then and there intended to charge and accuse, the said Elizabeth with the crime of felony and grand larceny, and with feloniously stealing and carrying away his said gold watch; and also then and there charged the said feminine plaintiff with a want of chastity and virtue, and which said charges of felony and want of virtue, so falsely, wickedly, and maliciously uttered and spoken, were so understood, taken, and received by the said Sarah M. Mooth and said other persons, to whom and in whose presence and hearing the said words were spoken; wherefore the plaintiffs say," etc.

A demurrer to the complaint was filed, alleging an insufficiency of facts, and overruled.

The appellant then answered in several paragraphs, in denial, justification as to the charge of larceny, and in mitigation of damages.

Issues of fact were formed, a jury trial had, and a verdict for appellees. Motion for a new trial overruled, exception, judgment, appeal.

The court gave, among others, the following instruction to the jury:

"11. The plea of justification, you will observe, only goes to the charge of larceny, and should the jury find the plaintiff's case made out as to the charge of want of chastity, that the words spoken did impute, and were understood as imputing, such want of chastity, the plaintiffs would be entitled to a verdict, notwithstanding they should find the plea of justification on the charge of larceny sustained by the evidence."

To which the appellant excepted.

We are of opinion that this instruction was inapplicable. The words alleged in the complaint do not amount to a charge of either incest, fornication, adultery, or whoredom—the words used in the statute, 2 G. & H. 333, sec. 788. The word " b——h," although a very coarse and ruffianly expression,

when applied to a woman, does not, in its common acceptation, import whoredom in any of its forms. *K——— v. H———,* 20 Wis. 252. Nor can the *innuendo* change its meaning. The purpose of the *colloquium* and *innuendo* is to make words, which otherwise would be received in their usual sense and have a general application, applicable to some particular subject-matter or person, and in some particular sense. They cannot change the meaning of words from their common acceptation. *Hays* v. *Mitchell,* 7 Blackf. 117, and *Taylor* v. *Kneeland,* 1 Doug. Mich. 67. These cases we regard as being in point.

"The absence of a *colloquium,* showing by extrinsic matter that the words charged are actionable, is not supplied by an *innuendo* attributing to those words a meaning which renders them actionable. Words not in themselves actionable, cannot be rendered so by an *innuendo,* without a prefatory averment of extrinsic facts, which makes them slanderous." Townshend Slander, 528, 529 ; *Watson* v. *Hampton,* 2 Bibb, 319 ; *Lukehart* v. *Byerly,* 53 Pa. St. 418 ; *Beswick* v. *Chappel,* 8 B. Mon. 486 ; *Harris* v. *Burley,* 8 N. H. 256 ; *Holton* v. *Muzzy,* 30 Vt. 365 ; *Millison* v. *Sutton,* 1 Ind. 508 ; *Miles* v. *Vanhorn,* 17 Ind. 245 ; *Ward* v. *Colyhan,* 30 Ind. 395 ; *De Armond* v. *Armstrong,* 37 Ind. 35 ; *Hart* v. *Coy,* 40 Ind. 553.

The words in this case not being slanderous in themselves, and there being no sufficient allegations in the complaint to make them slanderous, as importing whoredom, we think the instruction given was erroneous.

The judgment is reversed, and the cause remanded, with instructions to grant the motion for a new trial, and for further proceedings according to this opinion.