## E. B. THOMAS *vs.* G. B. NORTON.

QUO WARRANTO. APPEAL FROM BICKERTON, J.

HEARING, MARCH 6, 1890. DECISION, MAY 1, 1890.

JUDD, C.J., McCULLY AND BICKERTON, JJ. DOLE, J., ABSENT.

The provisions of the Act "Relating to the Fire Department of Honolulu," approved September 6, 1888, constitute the Board of Representatives of the Fire Department the judges of the validity of elections of officers of the department.

The writ of Quo Warranto will not lie to inquire into the validity of the election of First Assistant Engineer.

Demurrer to the petition sustained, and writ quashed.

OPINION OF THE COURT, BY JUDD, C.J.

We have examined this case and the well-presented arguments of counsel on both sides, and have come to the conclusion that the demurrer should be sustained and the writ quashed on the ground stated by Mr. Justice Bickerton in his opinion dated the 14th January, 1890.

OPINION OF MR. JUSTICE BICKERTON, APPEALED FROM.

The petitioner prays that a writ of Quo Warranto do issue, directed to said George B. Norton, inquiring by what authority he claims to hold the office of First Assistant Engineer of the Fire Department, and directing him to file his answer within the time limited by said writ; that upon due hearing the election for said Assistant Engineer may be declared illegal, null and void, and the said Norton adjudged to have usurped said office and be ousted from the same, etc., etc.

The defendant demurs to plaintiff's petition on the following grounds:

1st. Because the Board of Representatives of said Fire Department are by law the judges of the validity of elections of officers of the Fire Department.

2d.   Because the complainant has not set out in his petition any facts which will support the same.

3d.   Because the remedy by Quo Warranto is given by statute only in cases of corporations.

And files a motion to quash the writ as follows:

"Said defendant moves to quash the writ issued in the above-named proceedings, for the reason that there is no authority of law for the issue of the same."

This matter has been very fully argued by counsel on both sides, and shows that a great deal of work and research has been done by plaintiff's counsel to sustain his position.

I have given this matter very full and careful consideration, and have come to the conclusion that the case must be decided and disposed of on the first ground of demurrer, viz: That the Board of Representatives of the said Fire Department are by law the judges of the validity of elections of the officers of the Fire Department.

The Act of 1888, relating to the Fire Department of Honolulu, is the law under which this ground comes. Section 4 reads: "The elections provided for in Section 2 of this Act shall be conducted in such manner as the by-laws of the Department shall prescribe. In case there shall be no election, or any office shall become vacant, the Minister of the Interior shall direct a new election," etc., etc.

Section 10 provides that the Board of Representatives shall have power "to hear and determine appeals from decisions of company matters *and other appeals*, and make rules and regulations in all matters of appeal." Also "to make all necessary rules and regulations for the holding of any election or elections under this Act, to make rules, by-laws and regulations for the Fire Department, and for carrying out the provisions of this Act."

These sections certainly give the Fire Department full power to do all things necessary for the holding, conducting, and determining the result of elections, and must of necessity include the power to decide who is elected, where there is any dispute. The Board of Representatives do not preside at the

elections. The secretary is chairman at the election for engineers with two tellers to assist him at the polls. (Section 8, By-laws.) It cannot be contended that his decision is final. If the chairman's decision is not satisfactory, or there are irregularities, or fraud in the voting, there must be an appeal from him. The question is to whom? It can only be to the Board of Representatives, for the Act provides that they shall hear and determine not only appeals from decisions in company matters, but all other appeals, and make rules and regulations in all matters of appeal. If it had been the intention of the Legislature to have only provided for appeals in company matters, they would not have made these other sweeping provisions. It is clear to me the Legislature intended to give and have given the Board of Representatives full power to act in all these matters. What can be clearer than the language used in the latter part of Section 10, viz.: "to make all necessary rules and regulations for the holding of any election or elections under this Act, to make rules, by-laws and regulations for the Fire Department and for carrying out the provisions of this Act."

One of the provisions of the Act is that there shall be a chief engineer and two assistants, to be elected biennially. * * * Under Section 4, in case of no election, the Minister of Interior shall direct a new election. * * * It could not be said the Minister of Interior could say there was no election. Then who has the authority? It is clear to me that the Board of Representatives only has that authority under the Act, and all appeals on election matters must go to them, and they must decide.

"Statutes must be interpreted according to the intent and meaning, and not always according to the letter."

"A thing within the intention is within the Statute."

"Statutes should be interpreted according to the most natural and obvious import of their language."

"In construction of a Statute, every part of it must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each."

"Every Legislative Act must have a reasonable construction."

"That which is implied in a Statute, is as much a part of it as what is expressed."

Dwarris on Statutes, Potter's Edition, pp. 144 and 145.

Having come to the above conclusion, it is unnecessary to go further; for even if I should find that the Fire Department was a quasi-corporation, the writ should not issue.   Section 44, p. 593, Compiled Laws, reads: "Where the Legislature has granted to a corporation the right to determine the validity of the election of its members or officers, a writ shall not be issued for the purpose of inquiring into that fact."

The demurrer is sustained on the first ground, and the motion to quash the writ issued is granted with costs.

*W. A. Kinney*, for plaintiff.

*F. M. Hatch*, for defendant.