*W. O. Smith,* for defendant.

---

### THE QUEEN *vs.* JAMES GAY.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

HEARING, MARCH 14, 1892.    DECISION, MARCH 19, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

The statute, Section 49 of the Election Act of 1890, requires each candidate, within ten days following an election, to furnish to the Minister of the Interior a sworn itemized statement of his expenses as a candidate. Failure or neglect to furnish such sworn statement is made a misdemeanor and punishable by a fine or imprisonment, or both.

Held, the proof that no expenses were incurred by or for the candidate is a complete defense, to the charge under this section, and exculpates him from the necessity of furnishing an "itemized statement" to the Minister.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant was arrested by warrant issued from the Police Court of Honolulu, on the charge of neglecting and failing to furnish to the Minister of the Interior, within ten days after the election of February 3rd, 1892, a sworn itemized statement of

his expenses as a candidate for election, he having been a candidate for election as Noble at said election. He plead not guilty, and after proof on the part of the prosecution that no sworn statement had been furnished by defendant of his expenses as a candidate, and that defendant was a candidate and a request had been filed for him in accordance with the statute, and the fee of fifty dollars paid, he testified in his own behalf as follows: "I have not had one cent expenses. I paid no $50 fee as a candidate." Cross-examination: "I was a candidate at the election; don't know who paid $50 for me, or whether it was paid. I had no runners and made no contribution to campaign fund. I did not spend one cent for anything, or incur any obligation in regard to my being a candidate." This was not contradicted by any evidence. The defendant was found guilty and the minimum penalty of $100 fine was imposed. He appealed to the Supreme Court in banco on the point of law, that the charge being the failure to furnish a sworn statement of an itemized account of defendant's expenses as a candidate, and the proof being that defendant had incurred no expenses whatever, no breach of the law had been committed, and he should have been acquitted.

## BY THE COURT.

The object of the Section 49 of the Election Law is undoubtedly to prevent the improper and illegal use and expenditure of money in the conduct of elections. This section is followed by a list of what are the expenses to be *legally* incurred by or for a candidate :

1. His personal expenses as a candidate. 2. Expenses of printing and advertising. 3. Cost of stationery and postage. 4. Expenses of public meetings. 5. Rent and supplies of committee rooms not to exceed one for each polling place.

It would hardly be anticipated that a candidate would put into his statement items that were clearly for objects and purposes forbidden by the law, and thus subject himself to a prosecution for a "corrupt practice." On the other hand, the denial under oath at the trial that money had been expended by him

or on his behalf, for illegal purposes, if proved to be false, would subject him to a prosecution for perjury.

The manifest object of the law is to obtain a discovery of what money has been expended by or for a candidate. An honest man would not expend money for illegal purposes, and a dishonest man would hesitate to do so, if by that means he subjected himself to prosecution, either for a "corrupt practice" or for perjury. So the statute has a deterrent effect. Now, in this view, there is no sense in requiring that, in the schedule of expenses which may be legally incurred, the item "his personal expenses as a candidate" should be held to include the fee which is required by Section 47 of the Act to be deposited by him with the Minister of the Interior "on account of the expenses attending the election, which shall be paid into the treasury as a Government realization." This fee is a tax by which the Government is partially reimbursed for the expenses of election. Its payment is a condition precedent to his being permitted "to stand as a candidate," though he may be called a "candidate" for election for months before the election, and during the whole campaign. He is not recognized by the law as a candidate, and his name will not be printed on the official ballots, until this fee is paid. He does not disburse this fee after it is deposited. It is not applied particularly to the expenses of *his* election. The money derived from these fees goes into the treasury as a realization, and may exceed or be short of the amount appropriated for election expenses and expended by the Minister. It cannot be called, in the connection in which the term is used, a "personal expense" of a candidate. The law, by using the term "personal expense" in this item, intends to include such outlays as are incurred by reason of his candidature which are in the nature of private expenses, as, for instance, his fares while traveling, carriage hire, hotel bills, etc., in distinction from those enumerated in the other four classes of legal expenditure which cover the more general expenses of the election and may be for the benefit of all the candidates of the particular party. The object of the law requiring the statement being the obtaining of information by the Government as

to what has been expended by the candidate, with a view to preventing improper expenditure, we may not presume that the Government would seek to know from the candidate that the fee has been paid, for it must have been paid to the party seeking the information. It is in the public treasury. This statement is, by the statute, to be "open to inspection by any one without fee or reward," and this would aid the deterrent effect of the statute. But the payment of a tax which the law requires would neither interest the public, nor have any effect in preventing the improper use of money during election campaign. We therefore hold that the candidate is not obliged, under Section 49, to make a statement that he has deposited the statutory fee with the request for his candidature.

Is the defendant, on the evidence, punishable for not furnishing a sworn itemized statement of his expenses? We think not. This is a penal enactment and must be construed strictly. "A penal law cannot be extended by construction. The act constituting the offense must be within both the letter and the spirit of the statute." *Lair vs. Killmer*, 25 N. J. L., 522. A failure to make a return that no expenses have been incurred is not punishable by the statute, no provision having been made for such a case. "Unless the proper meaning of the language of the statute brings a case within its letter, the rule of strict construction forbids the court to create a crime or penalty by construction, and requires it to avoid the same by construction." Endlich, Interpretation of Statutes, p. 455. *W. U. Tel. Co. vs. Axtell*, 69 Ind., 199. *U. S. vs. Wiltberger*, 5 Wheat., 96.

Undoubtedly, the defendant could have avoided arrest and prosecution if he had made a return to the Minister that he had incurred no expenses, and, not having done so, there was probable cause to believe that the statute had been violated. But proof that no expenses have been incurred is a complete defense to the prosecution.

Appeal sustained and defendant discharged.

*C. Creighton*, Deputy Attorney-General, for the Crown.

*P. Neumann*, for defendant.