## Shields v. The State.

·The language "You are a God damn low down son of a bitch,"
  though profane, coarse, opprobrious and abusive, is not obscene
  and vulgar, inasmuch as the word "bitch," applied to a woman,
  does not, in its ordinary sense, import prostitution. It follows that
  the utterance of these words is not an offence against that part of
  section 4372 of the code which declares it a misdemeanor to use ·
  obscene and vulgar language in the presence of a female.
    April 4, 1892.  By two Justices.

Crimnal law.   Obscene and vulgar words.   Before
Judge Milner.   Catoosa   superior   court.   February
term, 1892.

Reported in the decision.

Hackett & Mann, by brief, for plaintiff in error.
A. W. Fite, solicitor-general, by brief, *contra.*

Bleckley, Chief Justice.

The offence laid in the indictment is alleged to have
been committed on the 25th day of December, 1889.
The statute applicable to it is §4372 of the code, which
reads as follows: "Any person who shall, without prov-
ocation, use to or of another, and in his presence, op-
probrious words, or abusive language tending to cause
a breach of the peace, or who shall in like manner use
obscene and vulgar language in the presence of a female,
shall be guilty of a misdemeanor, and on conviction
shall be punished as prescribed in section 4310 of this
code.   Provided, that no court in this State shall have
jurisdiction to inquire into the offences set forth in this
section, except upon presentment made, or indictment
found, by the grand jury of the county in which the
offence has been committed."

There were two counts in the indictment, the first
charging the use of the words "You are a God damn
low down son of a bitch" to, of and in the presence of
Ed. Etheridge; the second charging the use of the same
words to and of Etheridge, in the presence of Mrs.

M. E. Dedman. The jury found the accused guilty on the second count, and a motion made by him in arrest of judgment was overruled by the court. The indictment was sufficient to uphold a conviction on the first count, but not on the second. At the time these words were spoken, it was not an offence, apart from any tendency to produce a breach of the peace, to use profane language in the presence of a female, though it was afterwards made so by the act of December 29th, 1890. Acts 1890-91, p. 83. The words charged are coarse and profane, opprobrious and abusive, but they are not obscene and vulgar. They were spoken of a man, and the word "bitch" referred to his mother. Taken in its ordinary sense, that word so applied does not import prostitution. Schourick v. Kollman, 50 Ind. 336; K. v. H., 20 Wis. 252. There is no allegation that the word was taken or understood in other than its ordinary sense by Mrs. Dedman, or that it was intended by the speaker to be otherwise construed. Had such an allegation been made, the element of obscenity and vulgarity might thus have been brought into the indictment; the like has been done by pleading in civil cases. Logan v. Logan, 77 Ind. 558. The court erred in not arresting the judgment.                                         *Judgment reversed.*