## TERRITORY OF HAWAII *v.* MINNIE KAAIKAULA.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED JUNE 29, 1914.                    DECIDED JULY 2, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CRIMINAL LAW—*vulgar language.*

> Language used in a public place is vulgar, within the meaning
> of section 3188 R. L., which offends a sense of modesty and
> decency, and is calculated to cause a breach of the peace.

OPINION OF THE COURT BY QUARLES, J.

The defendant was convicted in the district court on the charge of using vulgar, profane and obscene language in a public place in violation of section 3188 R. L., was fined five dollars without costs, and has appealed to this court on the question of law whether the words "you big fat Buffalo, you damn son of a bitch," addressed by one woman to another, during the course of a quarrel, constitute an offense under the statute. The statute forbids the use of "vulgar, profane or obscene language * * * in any public place." No question as to duplicity in the complaint has been raised, and therefore it may be regarded that only one offense has been charged. (*Swearingen* v. *United States,* 161 U. S. 446.) The question calls for an interpretation of the statute.

The words involved are defined by Webster, in part, as follows: Vulgar: low, coarse, offensive to good taste or refined feelings. Obscene: filthy, offensive to chastity or modesty. Profane: treating sacred things with contempt; disrespect, irreverence. Bitch : "The female of the canine kind * * *; opprobriously, a woman, especially a lewd woman."

In libel and slander suits it has been held that the word "bitch," when applied to a woman, does not necessarily import whoredom in any of its forms. (*Schurick* v. *Kollman,* 50 Ind.

336; *K.*............ v. *H*............, 20 Wis. 252, 257; *Robertson* v. *Edelstein,* 104 Wis. 440, 442; *Craig* v. *Pyles* (Ky.), 39 S. W. 33.) Under a statute which made it a misdemeanor to use "obscene and vulgar language in the presence of a female" it was held not an offense to say in the presence of a woman, "you are a G—d d—n s—n of a b—h;" that said words "are coarse and profane, opprobrious and abusive, but they are not obscene and vulgar." (*Shields* v. *State* (Ga.), 16 S. E. 66.) Under section 3893 Rev. Stat. U. S. as amended, forbidding the mailing of "obscene, lewd and lascivious" matter, it has repeatedly been held that the intent of Congress was to prevent sending through the mails such matter as tends to excite impure and unchaste thoughts, and not to prohibit such as is merely coarse and vulgar. But our statute is directed against language that is vulgar as well as that which is obscene and profane. Our statute is intended to protect modesty from that which is indecent; to prevent the use of language in public places which will shock the sensibilities and tend to cause breaches of the peace whether vulgar, profane or obscene. Language like that used by the defendant tends to bring about breaches of the peace and was probably used for that purpose. In the case of *Republic* v. *Ben,* 10 Haw. 278, the language used was similar to that used here, the name of Deity being also used, thus introducing an element of profanity not found here. The court in that case held the language to be both profane and obscene. Tested by the definitions given, the language used, to say the least, is vulgar; it is low, coarse and offensive to modesty and violates the sense of decency which every man and woman should possess; it was not spoken in jest, but in the heat of a war of words, seemingly with the intent to offend and degrade the party to whom it was addressed. As divine vengeance was not invoked, the language cannot be said to be profane. In the sense that it does offend modesty and a sense of decency, it is not only vulgar, but may be said to be obscene. The statute was intended to protect persons from language of the kind used and to sub-

serve the peace by preventing in public places the use of language which tends to cause breaches of the peace. We are unable to say that the language used is not vulgar within the meaning and intent of the statute.

Judgment affirmed.

*A. M. Brown, Second Deputy City and County Attorney,* for the Territory.

*A. S. Humphreys* for defendant.

