## SPRY *v.* CORUM.

[No. 13,109.   Filed October 30, 1928.]

*Charles M. LaFollette* and *Lloyd J. Voyles,* for appellant.

*Bex A. Trimble, Samuel O. Trimble* and *H. Edward Crabtree, for appellee.*

McMAHAN, J.—Action by appellee against appellant for slander. A trial by jury resulted in a verdict and judgment in favor of appellee for $300. Appellant contends the court erred in overruling her motion for a new trial.

The first contention is that the court erred in the first and second instructions given. The alleged slanderous words as set out in the complaint import unchastity on the part of appellee and are slanderous *per se,* the allegation being that appellant, in the presence and hearing of others, in speaking to and of appellee, said: "There you are, you old whore. You are nothing but a damned old whore and a bitch." The complaint is in two paragraphs. Instruction 1 informed the jury as to what the first paragraph alleged, that appellant had answered by a general denial and that the burden was on the plaintiff to prove the material allegations in that paragraph before she would be entitled to recover on the issues thus presented. Instruction 2 is the same as instruction 1, except that it related to the second paragraph of complaint. It may be conceded that the word "bitch" as used was not

actionable, but the court did not, as appellant contends inform the jury that the use of such word was actionable. *Schurick* v. *Kollman* (1875), 50 Ind. 336, cited by appellant is not in point. There was no error in giving either of these instructions.

Instruction 6 informed the jury that if the jury found every material allegation of the complaint had been proved, in fixing the amount of damages, it might *inter alia*, take into consideration the fact, if it were the fact, that appellee, before the scandalous and defamatory remark was made, had a good reputation for chastity, as bearing upon the question of damages. Appellant says when this instruction is read in connection with instructions 1 and 2, it informed the jury the word "bitch" was equally scandalous as the other words mentioned in the complaint. Appellant admits she called appellee a "bitch," but denies she used the other words as alleged. The evidence was ample to justify the jury in finding that she spoke all the words as alleged in the complaint. The instruction is not subject to the objection urged.

Instruction 15, tendered by appellant and refused, was to the effect that the word "bitch," when applied to a woman, does not in its common meaning impute whoredom, and that the word, without a statement showing that it was commonly understood to impute unchastity when applied to a woman was not actionable, and that if she used that word but did not use other words imputing unchastity, the jury should find for the defendant. This instruction correctly stated the law as laid down in *Schurick* v. *Kollman, supra,* and should have been given. The refusal to give this instruction, however, does not necessarily lead to a reversal of the judgment.

The court in another instruction clearly told the jury the words set out in the complaint other than the word

"bitch" charged the offense of fornication which was a misdemeanor and punishable under the statute, and that if the jury found that the words other than the word "bitch" were spoken by appellant of appellee, that only compensatory damages could be assessed, and that punitive damages could not be assessed in the instant case for the reason that the wrongful speaking of the slanderous words was punishable by statute. The court also, in this instruction, defined compensatory and punitive damages, and, in instruction 6 given by the court on its own motion, the jury was given to understand that only compensatory damages could be assessed in case the words alleged in the complaint were spoken. The instructions given were sufficient to clearly indicate that neither punitive nor compensatory damages could be assessed because of the use of the word "bitch" and, in case there was a verdict for appellee, the damages assessed because of the use of the words charging appellee with unchastity should be confined to compensatory damages. In view of the other instructions given, the refusal to give 15 as requested, did not amount to reversible error.

Appellee, over the objection of appellant, was allowed to testify as to the worth of one Larry Neal. There was evidence to the effect that appellee and Neal were engaged to be married to each other, and that, as a result of the alleged slander, Neal refused to marry appellee. The only objection made to this testimony was to the effect that she "hasn't shown any property." The witness, however, had testified as to property owned by Neal, and, as against the objection made, there was no error in the action of the court.

Other questions are discussed by appellant and urged as grounds for reversal. We have given all of such questions consideration and hold otherwise.

Judgment affirmed.