## Edwards v. Steele.

(Decided March 13, 1931.)

(Rehearing Denied April 21, 1931.)

STEPHENS & STEELY for appellant.

J. B. JOHNSON and H. H. OWENS for appellee.

2

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming in part and reversing in part.

Appellant brought this action against the appellee for slander, charging that on the 29th day of August, 1929, the appellee had in the presence of certain named persons maliciously, falsely, and wrongfully spoken of and concerning the appellant the following: "You swore a damn lie." The petition further averred that by this statement the appellee meant to and did charge the appellant with having sworn falsely in an affidavit made and filed by the appellant in an investigation then being had by the district board of health as to the acts of appellee as a district health officer. By the answer as amended, appellee undertook to set out very fully the circumstances under which the alleged slanderous words were spoken, and in that answer he averred that the words he had spoken of and concerning the appellant on the occasion in question were these: "Dr. Edwards, I think you have got your nerve after making a false affidavit against me to come into this property that I have prepared at considerable expense and you owe me an apology for having made the affidavit which you did for the purpose of injuring me and posing as my friend when you made this affidavit for the purpose of injuring me." By reply the appellant denied that the words spoken by the appellee on the occasion in question were those set out in the answer and reiterated that the language used was that contained in the original petition. On the trial, the appellant's proof was to the effect that those who were present and heard what was said understood the words spoken of the appellant to be those alleged in the petition. When appellant had closed his case, the court peremptorily instructed the jury to find for the appellee. Appellant filed his motion and grounds for a new trial, which the court overruled, and the appellant thereupon prepared his bill of exceptions. But at the same term of the court the order overruling the motion for a new trial was set aside by the court and the motion was sustained. The bill of exceptions of the first trial was then filed. Thereafter appellant filed an amended petition, in the first paragraph of which he reaffirmed what he had alleged in his original petition. In the second paragraph he averred that, on the day following that on which he claimed the appellee had said of him that he had sworn to a damn lie, the appellee, in the

presence of Dr. G. H. Buck, had said of and concerning the appellant the following: "Dr. Edwards made a false affidavit"—and that appellee made this statement in the course of a conversation with Dr. Buck, the content of which bore upon the investigation before the district board of health heretofore referred to. The affirmative matter in this amended petition was controverted of record. On the second trial, the evidence as to what took place on the first occasion, when it is claimed appellee slandered the appellant, was substantially, if not identically, the same as that which was given on the first trial. As to what took place on the next day between Dr. Buck and the appellee, the allegations in the amended petition were substantiated by Dr. Buck. At the close of the appellant's proof, the court again peremptorily instructed the jury to find for the appellee, and, from the verdict entered on that judgment, the motion and grounds for a new trial having been overruled, this appeal is prosecuted. The appellee has prosecuted a cross-appeal from the order granting a new trial on the first verdict.

The evidence for the appellant failing to establish that on the first occasion of which he complains the appellee said anything other than that appellant "had sworn to a damned lie," without it appearing in the conversation that such alleged lie was given in any matter which was or might be judicially pending or which was being investigated by the grand jury or on any subject on which appellant could be legally sworn or on which he was required to be sworn, it is obvious that the words shown to have been spoken by the appellee of and concerning the appellant failed to charge any criminal offense, not even the statutory offense of false swearing, much less alone the commonlaw offense of perjury, and hence were not actionable per se. It is settled in this state that to charge that one swore falsely or swore to a falsehood or swore to a lie is not actionable per se unless the charge is coupled with other words calculated to convey to the mind of the hearer the idea that the falsehood was of the grade that the law punishes as a crime, or unless the circumstances under which the charge is made show that the false swearing referred to took place under such circumstances as to constitute the crime of perjury or false swearing. Watson v. Hampton, 2 Bibb, 319; Martin v. Melton, 4 Bibb, 99. See, also, Beswick v. Chappel, 8 B. Mon. 486; 36 C. J. 1210. There was no evidence here coupling the alleged slanderous words with other words

calculated to convey to the minds of the hearers the idea that the falsehood charged was of the grade that the law punishes as a crime, nor did the circumstances under which the charge was made indicate that the false swearing referred to constituted the crime of perjury or false swearing as was the case in Smith v. Mustain, 210 Ky. 445, 276 S. W. 154, 44 A. L. R. 386. As appellant relied for a recovery for these words solely on the proposition that they were slanderous per se, the court did not err either on the first trial or second trial in peremptorily instructing the jury to find for the appellee as to them.

What took place on the next day between Dr. Buck and the appellee was a new cause of action which, under the Code, could be joined in the action for which the first alleged slander was brought. Civil Code of Practice, sec. 83. It, however, was not present in the first trial, and the sufficiency of the charge and proof in its support, when tested by a motion for a peremptory instruction, was not passed upon by the court in that first trial. It appears from the allegations in the amended petition and from the testimony of Dr. Buck that he and the appellee were discussing the investigation made by the district board of health into the acts and conduct of the appellee as a district health officer, and in which, as Dr. Buck well knew, the appellant had filed an affidavit of and concerning the appellee, and that in the course of this conversation appellee had stated that the appellant made a false affidavit by the one he had made and filed. These allegations and proof bring the charge within the rule of the cases of Smith v. Mustain, supra, and Ramey v. Thornberry, 7 B. Mon. 475. The charge was made under circumstances showing that the false swearing referred to constituted at least the offense of false swearing. This being true, the words were slanderous per se, and we need not determine whether the proof of appellant as to special damages was sufficient to sustain his allegations as to them. The court erred in peremptorily instructing the jury to find for appellee as to the words complained of and spoken by appellee to Dr. Buck.

In so far as the judgment of the court decided that appellant had no right of recovery for the alleged slander set up in the original petition, it is affirmed, but, in so far as it decided that appellant had failed to make out a case for the jury as to the alleged slander set up in the second paragraph of the amended petition, it is reversed. We find it unnecessary to pass on appellee's cross-appeal,

for it involves only the propriety of the court's judgment as to the alleged slander set up in the original petition.