[No. 1,236.]

# D. D. MAYNARD v. FIREMAN'S FUND INSURANCE COMPANY.

WORDS NOT LIBELOUS PER SE.—The words "this Company, for good and sufficient reasons, has resolved to dismiss D. D. Maynard from its service," are not libelous *per se,* when entered on its books by an Insurance Company, and published concerning one of its agents.

A LIBEL AS TO A CORPORATION.—A trade corporation may be made responsible for a libel.

COMPLAINT FOR LIBEL.—When words which are not libelous *per se* contain a covert meaning which makes them libelous, it is necessary for the plaintiff to aver in his complaint that the words were intended by the defendant to be understood as imputing wrong doing to the plaintiff, and that they were, in fact, so understood by those who read them.

SUFFICIENT COMPLAINT FOR LIBEL.—A complaint for a libel, in which the words alleged to be libelous are not libelous *per se,* sufficiently avers that the words were intended by the defendant to be understood, and were understood by those who read them, to impute dishonesty to the plaintiff, if it avers that the defendant, intending to injure the plaintiff, falsely and maliciously published the libelous words, thereby meaning, and wishing to have it understood, that the plaintiff was dishonest; and that the libel was read by the acquaintance of the plaintiff, and business men, who, by reason thereof, are unwilling to employ the plaintiff, and believe that he is dishonest and unfit to be trusted.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The facts in this case are stated in the opinion, and in the report of the same case contained in 34 Cal. 48.

*E. Cook,* for the Plaintiff.

*Patterson, Wallace & Stow,* for the Defendant.

By the Court, CROCKETT, J.:

We adhere to the propositions heretofore announced in this cause, to wit: 1st, that a trade corporation may be made responsible for a libel, and for the reasons stated in the first point discussed in our former opinion; and, 2d, that the words alleged in the complaint to be libelous, are not actionable *per se.*

The only question remaining to be considered is, whether or not the complaint contains the necessary averments to show that the words charged to be libelous, were intended by the defendant to be understood, and were in fact understood by those who read them, as imputing a charge of dishonesty against the plaintiff.

The rule which governs the action for libel in such cases, is perfectly well settled. Words, which on their face appear to be entirely harmless, may, under certain circumstances, convey a covert meaning, wholly different from the ordinary and natural interpretation usually put upon them. To render such words actionable, it is necessary for the pleader to aver that the author of the libel intended them to be understood, and that they were in fact understood by those who read them, in their covert sense.

The words alleged to be libelous in this action, are "this company, for good and sufficient reasons, has resolved to dismiss D. D. Maynard from its service."

These words, *per se,* do not impute any dishonesty to the plaintiff. There may have been various good and sufficient reasons for discharging the plaintiff, which would be entirely consistent with his honesty. He may have been too old or infirm to perform satisfactorily the business required of him, or not sufficiently skillful in the business, or not sufficiently active and energetic. Very many reasons might be assigned, which would be "good and sufficient reasons" for his discharge, and yet, impute to him no lack of honesty. It was, therefore, incumbent on the plaintiff to aver in his complaint, that the words were intended by the defendant to be understood as imputing dishonesty to the plaintiff, and that they were in fact so understood by those who read them. Are these averments contained in the complaint?

The complaint, after reciting that the plaintiff was a person of good repute, and that he was employed by the defendant as its agent and solicitor in and about procuring persons to be insured by the defendant; that he was paid by the defendant certain commissions for this service; that during the time he was so employed by the defendant he well and truly and faithfully performed all his duties in that behalf, and to the satisfaction of the defendant; that the defendant, without cause, and out of pure malice, and for the purpose of injuring his character, and to prevent his getting employment from other insurance companies, discharged him from its service; that maliciously intending to injure the plaintiff in his good name, and to prevent other companies from employing him, and to have it believed that he was not fit to be employed, and to cause it to be believed and suspected that he had been guilty of the offenses, misconduct and want of skill and integrity "hereinafter mentioned to have been charged and imputed to him," defendant falsely and maliciously published of, and concerning the plaintiff as such agent and solicitor the words aforesaid, "thereby meaning and wishing to have it understood and believed, that said plaintiff was dismissed because of dishonesty, want of integrity, inability to discharge and perform the duties of such agent and solicitor, and wholly unfit and unworthy of employment."

We consider this a sufficient averment of the peculiar and injurious sense in which the defendant intended the words to be understood.

The complaint proceeds to aver, that said "libel in writing" was sent and distributed among the acquaintance of the plaintiff, and to various insurance companies doing a similar kind of business to that of the defendant, and that the libel was read by the officers of those companies; that, by reason of the publication, no person or insurance company is willing to employ the plaintiff, "they believing by reason of the publishing of said libel that this plaintiff is dishonest and wholly unfit to be employed in or about such or any business." In another part of the complaint, it is averred, that by reason of the publication, the

said insurance companies suspect and believe that the plaintiff was unfit, by reason of dishonesty, want of integrity and business qualifications, to be retained and employed as such agent and solicitor or otherwise."

Although there is no explicit averment in terms, that the words were understood by those who read them as imputing dishonesty to the plaintiff, we think the allegations we have quoted amount, in substance, to an averment to that effect. There is no particular form of words for a colloquium; the office of which, in some cases, is to point the libel, and explain the circumstances which render libelous, words which might otherwise be innocent and harmless. In this case, the object of the colloquium is to explain the injurious sense in which the defendant intended the words to be understood, and to show that they were, in fact, so understood. The complaint is not drawn up in the most satisfactory manner in this particular; but we think, substantially, avers the necessary facts.

Judgment reversed, and the Court below ordered to overrule the demurrer, with leave to the defendant to answer.

Mr. Justice SANDERSON did not express an opinion.

NOTE.—The opinion published in the report of this case, in 34 Cal., p. 48, was delivered at the October term, 1867. A rehearing was applied for, and the foregoing opinion was delivered at the April term, 1868. For some reason, the opinion on rehearing was not published in 34 Cal., and my attention having been called to this fact by Judge Dwinelle of San Francisco, and as the latter opinion modifies in some respects the former, I have thought proper to report it, as supplementary to the former report, so that the profession may not be misled.

It will be observed, that the principles of law laid down in the first opinion, are reaffirmed here, as to the liability of a corporation for a libel, and as to the necessity of certain allegations in the complaint, but in speaking of corporations which are thus liable, Mr. Chief Justice Currey, in the first opinion, uses the words "corporation aggregate," while Mr. Justice Crockett, in the second opinion, uses the words "trade corporation."—REPORTER.