102  345
119  680

[No. 21075.   Department One.—May 2, 1894.]

# THE PEOPLE, APPELLANT, *v.* J. H. COLLINS, RESPONDENT.

CRIMINAL LAW—LIBEL—PLEADING—DEMURRER TO INDICTMENT.—Where the words of an alleged libelous publication are not actionable *per se*, an indictment therefor, containing neither *innuendo* nor *colloquium*, is subject to a general demurrer upon the ground that the facts stated do not constitute a public offense.

ID.—PUBLICATION NOT LIBELOUS ON ITS FACE.—Where a publication is not a libel on its face, but it is claimed that the language used has a covert meaning, it is necessary not only to allege and prove the slanderous or libelous sense in which the words were used by the defendant, but also that they were understood in the same sense by those to whom they were addressed.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Firman Church, C. C. Merriam,* and *Deputy Attorney General William H. Layson,* for Appellant.

It was not necessary that the publication should have directly and in plain language made the charge against the district attorney, as it is sufficient if the court can find the hidden meaning in the words. (*Stroebel* v. *Whitney,* 31 Minn. 384; *Proctor* v. *Owens,* 18 Ind. 21; 81 Am. Rep. 341; *Wilson* v. *McCrory,* 86 Ind. 170; *Commonwealth* v. *Kneeland,* 20 Pick. 206; *Vanderlip* v. *Roe,* 23 Pa. St. 82; Newell on Defamation, p. 59; 15 Am. & Eng. Ency. of Law, 348, 352.) And no averment or *innuendo* is necessary to point their meaning. (*Forbes* v. *King,* 1 Dowl. P. C. 672; *Elam* v. *Badger,* 23 Ill. 498; *Homer* v. *Taunton,* 5 Hurl. & N. 661; 13 Am. & Eng. Ency. of Law, 383, 469; *Wilson* v. *Fitch,* 41 Cal. 363; *More* v. *Bennett,* 48 N. Y. 472; *Adams* v. *Lawson,* 17 Gratt. 250; 94 Am. Dec. 455; *Kraus* v. *Sentinel Co.,* 62 Wis. 660; *Cheese* v. *Scales,* 10 Mees. & W. 488; *Bourreseau* v. *Evening Journal Co.,* 63 Mich. 425; 6 Am. St. Rep. 320; *Hayes* v. *Press Co.,* 127 Pa. St. 642; 14 Am. St. Rep. 874;

Newell on Defamation, pp. 616, 620; 2 Bishop's Criminal Procedure, sec. 794.) Libels on officials are peculiarly reprehensible (Newell on Defamation, pp. 69–72, and cases cited; 2 Bishop's Criminal Law, 2d ed., sec. 807) and are actionable, *per se.* (13 Am. & Eng. Ency. of Law, pp. 355, 363; *Spiering* v. *Andrae,* 45 Wis. 330, 332; *Knight* v. *Blackford,* 3 Mackey, 177; 51 Am. Rep. 772.)

*Sayle & Coldwell, L. L. Cory,* and *N. C. Coldwell,* for Respondent.

The words of the publication alleged are not perfectly clear in their meaning and object, neither are they obviously defamatory, neither are they actionable, *per se,* yet the indictment contains neither *innuendo,* nor inducement, nor *colloquium,* and it is therefore insufficient. (*People* v. *Isaacs,* 1 N. Y. Crim. Rep. 149; 4 Crim. Def. 517; *Edwards* v. *San Jose Printing etc. Co.,* 99 Cal. 431; 37 Am. St. Rep. 70; *Maynard* v. *Insurance Co.* 34 Cal. 48; 91 Am. Dec. 672; 47 Cal. 207; *Bloss* v. *Tobey,* 2 Pick. 320–23; *Carter* v. *Andrews,* 16 Pick, 1–6; *Schurick* v. *Kollman,* 50 Ind. 336; *Harper* v. *Delp,* 3 Ind. 225; *Patterson* v. *Edwards,* 2 Gilm. 720; *Vaughan* v. *Havens,* 8 Johns. 109; *McClurg* v. *Ross,* 5 Binn. 218.)

PATERSON, J.—The defendant was indicted for libel. The court sustained a demurrer to the indictment, and the people have appealed.

We do not deem it necessary to set forth the allegations of the indictment. It is sufficient to say that the words of the publication alleged are not actionable *per se,* and that the indictment contains neither *innuendo* nor *colloquium.* This is an objection which can be taken by general demurrer, that the facts stated do not constitute a public offense. Where the publication is not a libel on its face, but it is claimed that the language used has a covert meaning, it is necessary not only to allege and prove the slanderous or libelous sense in which the words were used by the defendant, but also

that they were understood in the same sense by those to whom they were addressed. (*Edwards* v. *Publishing Society*, 99 Cal. 431.) This rule has been rigidly enforced here and elsewhere. (*Maynard* v. *Fireman's Fund Ins. Co.*, 34 Cal. 48; 91 Am. Dec. 672; 47 Cal. 207; *People* v. *Isaacs*, 1 N. Y. Crim. Rep. 149; *Bloss* v. *Tobey*, 2 Pick. 320.) We cannot determine from the allegations of the indictment what charge defendant made against Church, if he made any charge at all. It certainly does not charge him with violating any of his duties as a citizen, and the term "public prosecutor" does not necessarily mean district attorney or other prosecuting official, and if it were otherwise, there is nothing in the indictment to show that the district attorney was charged with the violation of any official duty.

Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.