[No. 15514.   Department Two.—December 26, 1894.]

GEORGE INGRAHAM, APPELLANT, v. J. L. LYON
ET AL., RESPONDENTS.

PLEADING—CONSTRUCTION.—Under section 452 of the Code of Civil Pro-
cedure, in the construction of a pleading for the purpose of determining
its effect, its allegations must be liberally construed with a view to sub-
stantial justice between the parties.

ID.—LIBEL—SUFFICIENCY OF COMPLAINT.—Although the complaint in an
action for slander may be loosely drawn, yet, if applying to it the rule
of construction declared in section 452 of the Code of Civil Procedure,
it alleges in substance that defendant intended by the written publica-
tion complained of to charge and have it understood and believed that
plaintiff was a person engaged in making accounts which he never paid
or intended to pay, and was dishonest and wholly unfit and unworthy
of credit, that said publication was understood by those to whom it was
made as conveying such meaning and charge against the plaintiff, and
that such publication was made without cause, and out of pure malice,
the complaint sufficiently states a cause of action, as against a general
demurrer.

APPEAL from a judgment of the Superior Court of
Alameda County.

The complaint alleged, in substance, that defend-
ants were members of a Merchants' Protective and
Collection Association, doing business in Oakland; that
they caused to be entered upon the " black list " of the
association the following: "When entered, February 13,
1892; name of delinquent debtor, George Ingraham;
occupation, porter; residence, 718 Henry street, when
account closed, month, January, day, 2nd, year, 1892,
amount, $14.25, by whom reported, J. L. Lyon & Son";
that the publishing and entering of the words entered
upon said " black list " meant, and were intended to
mean, " that plaintiff was a person engaged in making
accounts which he never paid or intended to pay, and
was dishonest and wholly unfit and unworthy of credit,"
and were published without cause, and out of pure mal-
ice, for the purpose of injuring and damaging plaintiff's
character, credit, and good name for honesty and integ-
rity"; that said libel in writing was distributed to and
read by the acquaintances of plaintiff and various deal-
ers and merchants of the city of Oakland, who, under-

standing the meaning thereof, believed that plaintiff was engaged in making accounts which he never paid or intended to pay, and was dishonest and unworthy of credit, by reason of which plaintiff was afterwards refused credit by said acquaintances, dealers, and merchants; that plaintiff previously had a good reputation for honesty and integrity, and that the said publication was false and defamatory, and plaintiff was injured thereby in his reputation, character, credit, and good name in the sum of ten thousand dollars, for which he prayed judgment. A demurrer was interposed on the grounds that the complaint did not state facts sufficient to constitute a cause of action; and that it was ambiguous and uncertain, in not definitely showing that those who read the alleged libelous words knew that plaintiff was meant, nor what they understood the alleged libelous words to mean, nor how much damage plaintiff sustained to his reputation, nor how much to his credit, and contains no averment of special damage, nor of facts out of which special damage may arise. The demurrer was sustained, and, plaintiff declining to amend, judgment was ordered for the defendant upon the demurrer, from which judgment the plaintiff appealed.

*Sawyer & Ayer*, for Appellant.

The face of the complaint does not show that the communication was privileged. (*Muetze* v. *Tuteur*, 77 Wis. 236; 20 Am. St. Rep. 115; *Sunderlin* v. *Bradstreet*, 46 N. Y. 188; 7 Am. Rep. 322; *Klinck* v. *Colby*, 46 N. Y. 427; 7 Am. Rep. 360; 2 Greenleaf on Evidence, sec. 416; Starkie on Slander, 28–34; *Bradstreet Co.* v. *Gill*, 72 Tex. 115; 13 Am. St. Rep. 768.) The complaint states a libel *per se*, and no allegation of special damages is required. (Civ. Code, sec. 45; *Stone* v. *Cooper*, 2 Denio, 293; *Stafford* v. *Morning Journal Assn.*, 22 N. Y. Supp. 1008; 68 Hun, 467; *Austin* v. *Culpepper*, 2 Show. 313; *Metropolitan etc. Co.* v. *Hawkins*, 4 Hurl. & N. 146; *Cheese* v. *Scales*, 10 Mees. & W. 488; *Mitchell* v. *Bradstreet Co.*, 116 Mo. 226; 38 Am. St. Rep. 592; *Brown* v. *Durham*, 3

Tex. Civ. App. 244; *Brown* v. *Vannaman*, 85 Wis. 451; 39 Am. St. Rep. 860; *Winchell* v. *Argus Co.*, 23 N. Y. Supp. 650; 69 Hun, 354; *McDonald* v. *Press Pub. Co.*, 55 Fed. Rep. 264; *Woodling* v. *Knickerbocker*, 31 Minn. 268; *Bradley* v. *Cramer*, 59 Wis. 309; 48 Am. Rep. 511; *Dennis* v. *Johnson*, 42 Minn. 301; *Williams* v. *Davenport*, 42 Minn. 393; 18 Am. St. Rep. 519.

*John C. Hughes*, for Respondents.

The words were not libelous *per se,* and the complaint does not distinctly aver that those who read the words knew that plaintiff was meant. (*De Witt* v. *Wright*, 57 Cal. 576.) The complaint does not sufficiently aver how the words were understood by those who read them. (*Maynard* v. *Fireman's Fund Ins. Co.*, 34 Cal. 48, and cases cited; *Harris* v. *Zanone*, 93 Cal. 65.) The allegations of damage are insufficient. (*Grandona* v. *Lovdal*, 70 Cal. 161.) The words not being actionable *per se,* special damage must be alleged. (*Burkett* v. *Griffith*, 90 Cal. 532; 25 Am. St. Rep. 151; *Herrick* v. *Lapham*, 10 Johns. 281; *Woodruff* v. *Bradstreet Co.*, 35 Hun, 16; *Kingsbury* v. *Bradstreet Co.*, 35 Hun, 212; *Barnes* v. *Trundy*, 31 Me. 321; *Hallock* v. *Miller*, 2 Barb. 630; *Linden* v. *Graham*, 1 Duer, 672; *Caldwell* v. *Raymond*, 2 Abb. Pr. 197; *Wallace* v. *Bennett*, 1 Abb. N. C. 478; *Beach* v. *Ranney*, 2 Hill, 309; *Bell* v. *Sun Printing Assn.*, 3 Abb. N. C. 157; *Flatow* v. *Von Bremsen*, 11 N. Y. Supp. 680; *Onslow* v. *Horne*, 3 Wils. 177; *Brooker* v. *Coffin*, 5 Johns. 188; 4 Am. Dec. 337; *Bassil* v. *Elmore*, 65 Barb. 627; *Squier* v. *Gould*, 14 Wend. 159; *Strauss* v. *Meyer*, 48 Ill. 385; *Achorn* v. *Piper*, 66 Iowa, 694.) The innuendo cannot enlarge the meaning of the words, and is explanatory only of the words spoken and extrinsic facts; explanation of them must be explicitly averred. (*Bell* v. *Sun Printing Assn.*, 3 Abb. N. C. 159; *Caldwell* v. *Raymond*, 2 Abb. Pr. 193; *Van Vechten* v. *Hopkins*, 5 Johns. 219; 4 Am. Dec. 339; *Frey* v. *Bennett*, 5 Sandf. 65, 66; *Andrews* v. *Woodmansee*, 15 Wend. 235; *Newell* v. *How*, 31 Minn. 235; *Petsch* v. *Dispatch Printing*

*Co.,* 40 Minn. 291; *Smith* v. *Ashley,* 11 Met. 367; 45 Am. Dec. 216; *Carter* v. *Andrews,* 16 Pick. 1; *Culver* v. *Van Anden,* 4 Abb. Pr. 375; *Stone* v. *Cooper,* 2 Denio, 293.)

DE HAVEN, J.—Section 452 of the Code of Civil Procedure provides: "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties." The complaint in this action is certainly very loosely drawn, but, applying to it this rule of construction, it may be held to allege in substance that defendants intended by the written publication complained of to charge and have it understood and believed "that plaintiff was a person engaged in making accounts which he never paid or intended to pay, and was dishonest and wholly unfit and unworthy of credit"; that said publication was understood by those to whom it was made as conveying such meaning and charge against the plaintiff; and that such publication was made without cause, "and out of pure malice." Thus construed, the complaint states a cause of action. (*Maynard* v. *Fireman's Fund Ins. Co.,* 47 Cal. 207. See, also, *Edwards* v. *San Jose etc. Publishing Society,* 99 Cal. 435.)

Judgment reversed, with directions to overrule the demurrer to the complaint.

McFARLAND J., and FITZGERALD, J., concurred.

Hearing in Bank denied.