EVA CRAVER v. I. B. NORTON, Appellant.

**Slander per se:** JURY QUESTION: *Calling a woman a "bitch."* Whether calling a woman a "bitch" imputes a want of chastity, so as to make the term actionable *per se*, is a question for the jury to determine, under all the circumstances attending the utterance.

**EVIDENCE:** *Cross examination.* In slander for words spoken during an angry altercation with plaintiff's father, cross-examination of the plaintiff's father, to show origin of the quarrel was properly refused, as irrelevant.

**PLEA AND PROOF:** *Mitigating circumstances.* Where no mitigating circumstances are pleaded, evidence that the words were spoken in anger was inadmissible, under Code, section 3593, providing

that, in actions to recover damages for injuries to persons, character or property, no mitigating circumstances shall be proved, unless pleaded.

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, MAY 15, 1901.

ACTION for slander. The defendant appeals from a judgment against him.—*Affirmed.*

*H. M. Funson* for appellant.

*J. F. Martin* for appellee.

LADD, J.—The evidence tended to show that, while plaintiff's father and defendant were engaged in an angry altercation, she interrupted by admonishing the latter to "shut up," as he had said enough, and that he then, in a loud voice, denounced her as a "bitch," qualified by "damned old," "dirty," "dirty, low-lived," or all of these. According to Webster, "bitch" is an opprobrious name for a woman—especially a lewd woman. In *Bailey v. Bailey*, 94 Iowa, 598, it was remarked that "the word is synonymous with 'wench' or 'hussy,' and often implied lewdness." But, though a word of reproach, it has not generally been thought, in its common acceptation, to imply a want of chastity. "It is very clear to us," said the court in *K. v. H.*, 20 Wis. 239 (91 Am. Dec. 397), "that the word 'bitch' has not any such meaning as 'prostitute.' It is used as a term of reproach when applied to a woman, but not to charge the crime of prostitution." In *Schurick v. Kollman*, 50 Ind. 338: "The word 'bitch,' although a very coarse and ruffianly expression, when applied to a woman, does not, in its common acceptation, "import whoredom in any of its forms." So, in *Craig v. Pyles*, 101 Ky. 593 (39 S. W. Rep. 33), the words: "She is a dirty bitch. She has no character and is no account,"—were held

not actionable in themselves, as importing that the woman was "a whore, common prostitute, or was guilty of fornication or adultery." In *Blake v. Smith,* 19 R. I. 476 (34 Atl. Rep. 995), the jury was not warranted in finding from the use of the language denouncing a woman as a bitch, without more, that it was intended to charge her with wanton and lascivious behavior. Recovery was denied in all these cases, however, owing solely to the absence of a colloquium in the complaint pointing out the application and sense in which the words were used; the inuendo being insufficient, as it could not introduce a meaning broader than the words naturally bear. But in *Logan v. Logan,* 77 Ind. 558, where the woman was alleged to have been so designated "in the presence of divers worthy citizens at a time and place when and where the term 'bitch,' applied to a woman, was understood to mean, and did mean, an imputation of whoredom," an award of damages was sustained. See, also, *Riddell v. Thayer,* 127 Mass. 490, and *Scott v. McKinnish,* 15 Ala. 664. In this state extrinsic facts, for the purpose of showing matters were spoken in a defamatory sense, need not be alleged. Section 3592, Code; *Clarke v. Jones,* 49 Iowa, 477. And where the language is ambiguous in meaning, and susceptible to use in a defamatory sense, it is permissible for those hearing to testify to their understanding of the meaning with which it was employed. *McLaughlin v. Bascom,* 38 Iowa, 660; *Wimer v. Allbaugh,* 78 Iowa, 79. That such words as were spoken might, by reason of the time, place, and attending circumstances, be taken to impute a want of chastity, seems to be recognized by all the authorities; and it was for the jury to say whether, under the evidence in this case, those hearing understood them to be intended in that sense by the defendant. When persons indulge in language so reprehensible that no occasion can well be conceived of justifying its use, and which, as applied to a human being, has no well-defined meaning, they are not in a situation to complain if it shall be taken in the worst sense

possible by hearers.   That those listening may have under-
stood defendant as questioning plaintiff's virtue is
not to be disputed.   Whether they did so was, un-
der the evidence, for the jury, not this court to
decide.

II.   The defendant undertook, in cross-examination
of plaintiff's father, to show the origin of their difficulty.
How this would have been relevant to any issue in the case,
does not appear.   Besides, it was not proper cross-
examination.   As there was no plea of mitigating
circumstances, the fact that the words were spoken in
anger was rightly excluded, in fixing the measure of dam-
ages, and might not be shown except as incidental
to their speaking.  ·See section 3593, Code.   The
criticism of the instructions is without merit.—AFFIRMED.