NELLIE JACOBS v. CHARLES CATER.[1]

November 21, 1902.

Nos. 13,203—(97).

**Slander—Evidence.**

In an action for slander, language which is not actionable per se, and which does not contain the same imputation as that which forms the subject of the suit, is not admissible for the purpose of enhancing damages.

[1] Reported in 92 N. W. 397.

**Same.**

Certain words considered, and *held* not to have been admissible, and that it was error to submit their consideration to the jury for the purpose of showing malice.

Action in the district court for Grant county to recover $25,000 for slander. The case was tried before Flaherty, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order denying a motion for a new trial, defendant appealed. Reversed.

*E. J. Scofield* and *Brown & Kerr*, for appellant.

*A. J. Volstead* and *C. J. Gunderson*, for respondent.

LEWIS, J.

The words which defendant is charged with having spoken in reference to respondent were actionable per se,—charging that she was an unchaste woman,—and hence malice is implied from the very fact that they were spoken. A witness testified in answer to a question which called for the conversation, that on a prior occasion defendant was speaking of a certain publication made by respondent in her newspaper, about "Pull Down the Blinds," and said that she was a "G——d d——n dirty b——h to print such stuff, that children should read." The objection to the question, that it was irrelevant, incompetent, and immaterial, was insufficient, and a motion should have been made to strike it out. However, the court instructed the jury as follows:

"Now, gentlemen of the jury, some testimony was offered and admitted in this case tending to show that defendant at other times called plaintiff certain vile names. Now, you could not allow the plaintiff anything at all for the use of those names by the defendant. That evidence is merely introduced for the purpose of throwing light on what the state of his mind was on the eighteenth of April, 1901, at the time it is claimed he made the accusation."

This is assigned as error. It was held in Gribble v. Pioneer Press Co., 34 Minn. 342, 25 N. W. 710, that evidence of other publications containing substantially the same imputations as that sued upon were admissible in evidence for the purpose of proving

actual malice, and thereby aggravating the damages. In that case the previous publication contained the same charge as the one upon which the action was founded, and was actionable per se. Larrabee v. Minnesota Tribune Co., 36 Minn. 141, 30 N. W. 462, and Fredrickson v. Johnson, 60 Minn. 337, 62 N. W. 388, are to the same effect.

But in this action the words testified to, having been used on a prior occasion, were not actionable per se, nor necessarily implied a charge of unchastity. That term is a common street expletive, and may have reference to several different phases of .character, and the intent with which the word is used depends upon the circumstances. In this instance, being coupled with the expression of opinion as to the effect of the publication, it may mean no more than a violent, though inelegant expression of contempt, not tending to reflect upon the party's chastity. Schurick v. Kollman, 50 Ind. 336; Robertson v. Edelstein, 104 Wis. 440, 80 N. W. 724. We are not disposed to extend the rule beyond that as above stated. The words not being actionable per se, and not imputing the same charge as is comprised in the language sued on, it was error to instruct the jury to take them into consideration.

Order reversed.