WARREN v. RAY.

1. SLANDER — ACTIONABLE WORDS — WORDS IMPUTING WANT OF
   CHASTITY TO FEMALE.
   To call a woman a "damned old bitch" is not actionable as
   imputing a want of chastity to her.[1]

2. SAME—DAMAGES RECOVERABLE—ATTORNEYS' FEES.
   Fees paid to an attorney to bring an action for slander are not
   recoverable in the action brought.   Section 10423, 3 Comp.
   Laws.

Error to Mason; McAlvay, J.   Submitted November
17, 1908.   (Docket No. 112.)   Decided December 14, 1908.

Case by Libbie Warren against Frank Ray for slander.
There was judgment for plaintiff, and defendant brings
error.   Reversed.

*F. E. Wetmore*, for appellant.

*Virgil A. Fitch*, for appellee.

BLAIR, J.   This is an action for slander.   The slander-
ous words, as set forth in the declaration, were as fol-
lows:

" 'You (meaning the plaintiff) are a God damn whore.
You (meaning the plaintiff) are a God damn bitch'—re-
peating the same with a loud voice and adding thereto
other loathsome words too vile, shameful, and monstrous
to record."

The defendant pleaded the general issue and gave
notice—

"That, before the commencement of this cause, the
said defendant had lost several horses by poisoning, and
had had other horses and stock poisoned, and that he
found the said plaintiff in and among his horses and stock

---

[1]As to actionable character of epithets that impute immorality to
a woman, see note to *Feast* v. *Auer* (Ky.), 4 L. R. A. (N. S.) 560.

·in his (defendant's) field, at about 10 o'clock in the night-time, without any right or license to be there, and that, if the words were uttered as set up in said declaration, they were said under the excitement of the moment, and on account of the said finding of said plaintiff among said stock of said defendant.   Defendant will further give in evidence and insist in his defense that, if the said words were uttered, they were justified by the conduct of the said plaintiff, and were true."

The plaintiff put in testimony tending to fully sustain the charge of her declaration, and further testified that she had paid her attorney $25 at the time she employed him to bring this suit.   Defendant's counsel moved to strike out her testimony as to the attorney fee, but the court retained it.   The plaintiff, her husband, and defendant got into an altercation over some horses, and defendant testified that plaintiff applied vile and slanderous epithets to him, in reply to which he said to her:

"You will have to keep your horses away from my fence.   Your horse has knocked my post off, you damned old bitch."

Defendant denied using the language testified to by plaintiff and her husband other than the epithet just quoted.

The court charged the jury, among other things, as follows:

"I will say to you, gentlemen, there is no dispute but what there was a meeting between these parties at the time mentioned in the declaration, and that certain words were used; and I will say to you, further, that the admission of parts of the words used by the defendant, by him upon the witness stand, is an admission that he made a statement derogatory to the character of the plaintiff, and that these words he admits he used did impute the want of chastity to Mrs. Warren.   *   *   *   If you find for the plaintiff, you will do as I said in regard to fixing the damages, finding such damages as would be compensation to her feelings, and such damages as she had been caused on account of this claimed slander, in the payment of cash, and bring them in separately."

We are of the opinion that the court erred in instructing the jury that the language admitted to have been used by defendant, under the circumstances alleged by him, was slanderous per se. 25 Cyc. p. 322; 18 Am. & Eng. Enc. Law (2d Ed.), p. 938.

We are also of the opinion that attorney fees are not recoverable in such a case as this. 3 Comp. Laws, § 10423; 18 Am. & Eng. Enc. Law (2d Ed.), p. 1117; 25 Cyc. p. 534; *Halstead* v. *Nelson*, 24 Hun (N. Y.), 395; *Irlbeck* v. *Bierle*, 84 Iowa, 47; *Hicks* v. *Foster*, 13 Barb. (N. Y.) 663; *Indianapolis Journal Newspaper Co.* v. *Pugh*, 6 Ind. App. 510; *Grotius* v. *Ross*, 24 Ind. App. 543.

*Brand* v. *Hinchman*, 68 Mich. 590, and *Chesebro* v. *Powers*, 78 Mich. 472, are not in point. *Brand* v. *Hinchman* was an action to recover damages for malicious prosecution of an attachment suit, which, from its nature, is an exception to the general rule, and the point before us was neither raised nor passed upon. *Chesebro* v. *Powers* was an action to recover damages for slander of title contained in a deed and mortgage recorded by defendants and stated by them to set forth the truth as to the title. Plaintiff was compelled to file a bill in equity to remove the cloud upon her title, and the only damages claimed or suffered, and which were the necessary result of the slander, were the expenses of the chancery litigation that the plaintiff was compelled to suffer.

The judgment is reversed, and a new trial granted.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and BROOKE, JJ., concurred.