ANNIE G. KERONE, Respondent, v. ALBERT S.
BLOCK, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. **SLANDER: Words not Actionable per se.** To call a woman
a "bitch," a "cat" or a "hen" is not actionable *per se*.

2. ————: **Pleading: Words not Actionable per se: Necessary Aver-
ments: Innuendo.** Where the words charged to have been
spoken are not actionable *per se*, it is necessary in a slander
suit for the petition to aver extrinsic facts by way of induce-
ment to show their meaning and the character of the person to
whom they apply, in traversable form, to make them actionable.
It is not sufficient to make such averments by way of innuendo.
An innuendo is never a substitute for an averment; in the
nature of things, an innuendo is not a statement of facts, but
an inference.

3. ———: ———: ———: ———. Where the epithets applied to plaintiff were not slander *per se,* and no prefatory averment of extrinsic facts were made by way of colloquium, the plaintiff was not entitled to recover in a suit for damages for slander.

4. ———: ———: **Damages: Actual and Punitive Damages Must Be Stated Separately.** Section 594, Revised Statutes 1899, provides that in actions where exemplary or punitive damages are recoverable, the petition should state separately the amount of such damages sought to be recovered. In an action for slander, where plaintiff failed to comply with this statute, it was held she was not entitled to recover exemplary damages.

5. ———: **Court May Direct Nonsuit.** In an action for slander, a court can direct a nonsuit, but cannot force a verdict for plaintiff from the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

REVERSED AND REMANDED.

*Peers & Peers* for appellant.

(1)   The petition does not state facts sufficient to constitute a cause of action. To call a woman a bitch is not actionable *per se,* and *a fortiori* it is not actionable to call her a hen or a cat. Schurick v. Kollman, 50 Ind. 338; Craig v. Pyles, 101 Ky. 593; Blake v. Smith, 19 R. I. 481; Craver v. Norton, 114 Ia. 47; Shields v. State, 89 Ga. 549; Roby v. Murphy, 27 Ill. App. 398; Nealon v. Frisbee, 31 N. Y. Supp. 856; Jacobs v. Cates, 87 Minn. 448; Robertson v. Edelstein, 104 Wis. 440; Dyer v. Morris, 4 Mo. 214; State v. Boos, 66 Mo. App. 537. (2)   The words charged to have been spoken, not being actionable *per se,* extraneous facts must have been averred by way of inducement, in traversable form, in order to make them actionable, and then a coloquium averring the slanderous words were spoken of or concerning such fact. It is not sufficient to make such averments in the innuendo. The petition failed to make such averments and thereby failed to state a cause of action.

Bundy v. Hart, 46 Mo. 464; Powell v. Crawford, 107 Mo. 601; Christal v. Craig, 80 Mo. 373; Flowers v. Smith, 214 Mo. 98. (3) The petition fails to state the actual and exemplary or punitive damages claimed separately. In this it does not comply with the statute, and the judgment for punitive damages should be reversed. Revised Statutes 1899, sec. 594; Publishing Co. v. Journal Co., 108 Mo. App. 232.

*H. A. Yonge* for respondent.

The defamatory words charged in the petition to to have been spoken of and concerning plaintiff by defendant impute to her that she is a whore. It is the well settled law of this State that words spoken of or concerning a woman which impute to her a want of chastity are actionable. Revised Statutes 1899, sec. 2258; Israel v. Israel, 109 Mo. App. 266; Brown v. Wintch, 110 Mo. App. 264; Christal v. Craig, 80 Mo. 367; Nelson v. Wallace, 48 Mo. App. 193; Michael v. Mathews, 77 Mo. App. 556; Walker v. Hoeffner, 54 Mo. App. 554; Boss v. Berkner, 44 Neb. 197; Herman v. Herman, 61 Me. 233; Stoner v. Everson, 206. Pa. 600; Revised Statutes 1899, sec. 635.

NIXON, P. J.—This was an action for slander, commenced by the respondent against the appellant, Albert S. Block, in which the cause of action was stated in the petition as follows: (Caption omitted.)

"Now comes the plaintiff in the above entitled action and for her first amended petition, filed herein by leave of court first had and obtained, states that she is and was at all times herein mentioned a single and unmarried woman and that the defendant, Albert S. Block, on the 29th day of October, A. D. 1907, in the city of St. Louis, in the State of Missouri, in the presence and hearing of a large number of persons, willfully, wantonly and maliciously, falsely spoke the following false and

slanderous words of and concerning plaintiff, that is to say, "The God Damned old Hen, the God Damned old Cat, the God Damned old Bitch," meaning thereby that plaintiff was a slut and a whore, and that the said language so spoken of and concerning plaintiff was so understood by the persons in whose presence the same was spoken, and said words so spoken by defendant of and concerning plaintiff according to their natural import, impute to plaintiff a want of chastity and that she is and was a whore.

"That plaintiff states that said false and slanderous words were so spoken by defendant, has damaged her reputation and good name and caused her great anguish of mind and mental suffering, and that she has been damaged by reason thereof, in the sum of ten thousand dollars.

"That plaintiff further states, that said acts and said false and slanderous words so spoken by defendant were wilfully, wantonly and maliciously spoken by him of and concerning plaintiff.

"That plaintiff prays for actual and exemplary damages in the sum of ten thousand dollars, for which she sues and prays judgment."

The answer was a general denial.

The evidence tended to support the allegations of the petition as to the words being spoken. At the conclusion of all the evidence, the defendant asked the court to give an instruction in the nature of a demurrer to the evidence which the court refused to give. Under the instructions given by the court, the jury returned a verdict in favor of the plaintiff and assessed her actual damages in the sum of one dollar and punitive damages in the sum of five hundred dollars, eleven jurors concurring therein and the court rendered judgment thereon against defendant for said sums in favor of plaintiff, together with costs. The defendant has appealed.

I.  It will be seen from the petition that the charges were, among others, that the defendant called plaintiff a "bitch," and one of the questions raised at the trial was whether such language was actionable *per se*. Numerous authorities of great weight have passed on this question and have held that to call a woman a bitch is not actionable *per se*, and *a fortiori*, it is not actionable *per se* to call a woman a hen or a cat. [K.—— v. H.——, 20 Wis. 239, 242, 91 Am. Dec. 397; Schurick v. Kollman, 50 Ind. 336, 338; Craig v. Pyles, 101 Ky. 593, 39 S. W. 33; Blake v. Smith, 19 R. I. 476, 34 Atl. 995; Craver v. Norton, 114 Iowa 46, 86 N. W. 54; Shields v. State, 89 Ga. 549, 16 S. E. 66; Roby v. Murphy, 27 Ill. App. 394, 398; Nealon v. Frisbie, 31 N. Y. Supp. 856; Jacobs v. Carter, 87 Minn. 448, 92 N. W. 397; Robertson v. Edelstein, 104 Wis. 440, 80 N. W. 724.]

II.  The words charged in the petition to have been spoken concerning the plaintiff, not being actionable, *per se*, extrinsic facts, not embraced in the imputed words, should have been averred in the petition by way of inducement to show their meaning and the character of the person to whom they applied, in traversable form, to make them actionable.  It is not sufficient to make such averments by way of innuendo which is never a substitute for averment.  In the nature of things an innuendo is not a statement of a fact, but an inference. [Flowers v. Smith, 214 Mo. l. c. 134, 112 S. W. 499.] The epithets applied to the respondent, not being slanderous *per se*, and no prefatory averment of extrinsic facts having been made by way of colloquium, the plaintiff was not entitled to recover and the jury should have been so instructed.

III.  The petition in this case concluded with a prayer "for actual and punitive damages in the sum of ten thousand dollars."  Section 594, Revised Statutes 1899, provides:

"Punitive damages, amount sought separately stated.—In all actions where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered."

The respondent, having failed to comply with this statute, was not entitled to recover exemplary damages, and the instructions given by the court as to such damages were erroneous. In an action for slander, the court can direct a nonsuit, but cannot force a verdict for plaintiff from the jury. [Ukman v. Daily Record Co., 189 Mo. 878, 88 S. W. 60.]

For the reasons stated, the judgment is reversed and the cause remanded. All concur.