## Sturdivant v. Duke.

(Decided October 2, 1913).

### Appeal from Knott Circuit Court.

1. Libel and Slander—Pleading—Innuendo.—An innuendo cannot extend the meaning of words beyond their natural import. It is only explanatory of some matter already expressed, and may show the application, but cannot add to or enlarge or change the sense of the words.

2.  Libel and Slander—Words Actionable Per Se.—In the absence of
    preliminary averments of extrinsic facts showing that the words
    were used in a sense different from their customary meaning, the
    words "you are a black bitch and I can prove it, and if the whole
    thing has to, it will come", spoken to plaintiff, do not import
    uniquivocally that plaintiff was guilty of some felony or other
    crime of such turpitude as to render her liable on indictment to
    some infamous punishment, and are not actionable per se.

STEWART & BAILEY for appellant.

JASON RITCHIE for appellee.

Opinion of the Court by William Rogers Clay, Com-
missioner—Affirming.

Plaintiff, Ellen Sturdivant, brought this action
against defendant, Eva Duke, to recover damages for
slander. A demurrer was sustained to her petition and
the petition dismissed. From that judgment she appeals.
The petition is as follows:

"The plaintiff, Ellen Sturdivant states that she is the
wife of James Sturdivant, and resides at Hindman, Ky.,
that on the 14th day of August, 1912, the defendant, Eva
Duke, (the wife of J. W. Duke a prominent physician of
the town of Hindman) in Knott County in the presence of
divers persons falsely and maliciously spoke of and con-
cerning this plaintiff these words, "you are a black bitch
and I can prove it, and if the whole thing has to, it will
come" thereby meaning that this plaintiff had committed
the crime of adultery and leaving this impression on the
parties in her hearing at the time she uttered said false
statements to plaintiff's damage in the sum of $2,500.

"She states that the defendant is a resident of Knott
County, Kentucky.

"Where plaintiff prays judgment for $2,500 and
for all proper relief."

It will be observed that the words alleged to have
been spoken to the plaintiff by the defendant are "you
are a black bitch and I can prove it, and if the whole
thing has to, it will come," with the following innuendo:
"thereby meaning that this plaintiff had committed the
crime of adultery and leaving this impression on the
parties in her hearing at the time she uttered said false
statements." It is well settled that an innuendo cannot
extend the meaning of words beyond the natural import.
It is only explanatory of some matter already expressed.

It may show the application, but cannot add to or enlarge or change the sense of the words. Watson v. Hampton, 2 Bibb, 319; Moore v. Johnson, 147 Ky., 584. There is no colloquium in the petition, or preliminary averment of distinct substantive facts tending to show that the expression employed was used in any other than its customary sense. The question, therefore, comes to this: Are the words themselves actionable? As they were spoken of plaintiff in her individual capacity, and do not fall within any other classes of actionable words, the question is: Do the words referred to clearly and unequivocally import that the plaintiff was guilty of some felony or other crime, of such turpitude as to render her liable on indictment to some infamous punishment? More v. Johnson, 147 Ky., 584. It is well settled that neither the word "bitch" nor "slut" amounts to a charge of crime or a want of chastity unless accompanied by an inducement in the pleading setting forth extrinsic facts showing that the words were used in a sense different from their customary meaning. Am. & Eng. Ency. of Law, Vol 18, page 938; 25 Cyc., 322. In the case of Craig, &c., v. Pyles, 18 Ky. L. R., 1043, it was held that the words 'she is a dirty bitch; she has no character and is no account' were not actionable. In the case of Peters, &c., v. Garth, &c., 20 Ky. L. R., 1934, the court followed the same ruling where it was alleged that the defendant said of plaintiff "she is a damn slut; she is a damn bitch; she is a damn sow, and those who know her know that she is no account." The foregoing authorities are decisive of the question before us.

Judgment affirmed.