[Civ. No. 2512.  Third Appellate District.—November 28, 1922.]

# W. H. MARTIN et al., Appellants, v. JOSEPH SUTTER, Respondent.

[1] Verdict—Special Issues—Pleading.—Special issues, or particular questions of fact, calling for answers as to facts without the proof of which the plaintiff could not support his action, may be submitted to a jury regardless of whether, as in cases of tort, exemplary or punitive damages may or may not properly be allowed or are within the calls of the complaint.

[2] Slander—Use of Word "Bitch"—Imputation.—The words "bitch" or "son of a bitch" are not actionable *per se*; and when the former is applied to a female it does not impute unchastity.

[3] Id.—Meaning of Words Used—Intent—Understanding — Pleading—Proof.—To be slanderous and actionable the words spoken must be understood by those who heard them uttered in a slanderous sense; and when a slander or libel is couched in language having a covert meaning not apparent upon its face, or in words or phrases not used otherwise than as slang, or cant terms, it is necessary for a plaintiff not only to allege and prove the slanderous or libelous sense in which the words were used by the defendant, but also that they were understood in the same sense by those to whom they were addressed.

[4] Id.—Imputation of Wrong—Intent of Utterer—Understanding of Hearers.—Where the alleged slanderous or libelous words are not on their face or *per se* slanderous or libelous, the plaintiff must plead and prove that the utterer or publisher of such words intended that they should be understood as imputing wrongdoing or wrong conduct to the plaintiff, and that they were so understood by those who heard or read them.

[5] Id.—Imputation of Unchastity—Verdict—Inconsistent Special Findings.—In an action for damages for slander, in which it is alleged that the defendant called the plaintiff wife a "bitch" and an "old hag," thereby meaning that she was a person of unchaste character, findings of the jury, in response to special issues or particular questions of fact submitted to them, that a witness who heard those words uttered by defendant understood the defendant to mean by the use of those words that the plaintiff wife was a woman of unchaste character, and that the defendant did not use such language with the evil purpose of slandering said plaintiff and did not intend by the use of that language

---

2.  Actionable character of epithets that impute immorality to a woman, note, 4 L. R. A. (N. S.) 560.

to imply that said plaintiff was an unchaste woman, are themselves inconsistent, and they are also inconsistent with a general verdict in favor of the plaintiffs.

APPEAL from a judgment of the Superior Court of Placer County. J. E. Prewett, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Slade and Marshall Z. Lowell for Appellants.

Meredith, Landis & Chester for Respondent.

HART, J.—The plaintiffs are husband and wife. The action is for damages claimed to have been suffered by the plaintiffs for slanderous language alleged to have been used by the defendant of, to and concerning the plaintiff Mrs. Floretta Martin. The action is based on subdivision 4 of section 46 of the Civil Code, which defines slander as "a false and unprivileged publication other than libel, which imputes (to a person) . . . a want of chastity." The amended complaint alleges:

"That on the 29th day of May, 1919, while the plaintiff herein, Floretta Martin, was on her premises in the said City of Auburn, said County and State, the said defendant, Joseph Sutter, spoke of, to and concerning said plaintiff Floretta Martin, the following language: 'you bitch,' 'you old hag,' thereby meaning by the use of the language aforesaid 'you bitch' that the said plaintiff, Floretta Martin, was and is a woman of unchaste character.

"That at the time the said words aforesaid were spoken of, to and concerning said plaintiff Floretta Martin, by defendant Joseph Sutter, there were other and divers persons near and present who heard said defendant Joseph Sutter, utter and address the language and expressions aforesaid of, to and concerning said plaintiff Floretta Martin; and that said persons so hearing said language and expressions so spoken and used as aforesaid by the said defendant understood and believed that defendant was imputing that said plaintiff Floretta Martin was a woman of unchaste character.

"That the usual and common meaning of the word 'bitch' when used of, to and concerning a woman and person of the

female sex by any other person in speaking of a woman and person of the female sex, in certain portions of the United States and particularly within the State of California, imputes to that woman or person of the female sex of and concerning whom the said word 'bitch' is used and spoken, a want of chastity and that such woman or person of the female sex of and concerning whom the said word 'bitch' is used and spoken is a woman of unchaste character.

"That the said language aforesaid to wit: 'you bitch,' spoken of, to and concerning said plaintiff Floretta Martin, by the defendant Joseph Sutter, is false and untrue and the imputation contained therein is false and untrue."

The defendant demurred to the complaint upon general and special grounds and the demurrer was overruled. Thereupon he filed an answer specifically denying the allegations of the complaint.

The cause was tried by a jury to whom the following special issues were submitted upon the conclusion of the taking of testimony:

"1. Did the defendant call the plaintiff a bitch as charged in the complaint? Yes.

"W. F. DURFEE, Foreman.

"2. Does the word 'bitch' have, within the State of California, the peculiar and local meaning of imputing a want of chastity to a woman when applied to her? Yes.

"W. F. DURFEE, Foreman.

"3. If you find that the defendant used the language charged then answer this question: Did the defendant by use of the language charged intend to imply that the plaintiff, Mrs. Martin, was an unchaste woman? No.

"W. F. DURFEE, Foreman.

"4. If you find that the defendant used the language charged, then answer this question: Did the defendant, by the use of the language charged, intend only to apply to the plaintiff, Mrs. Martin, some coarse or offensive epithet without imputing to her a want of chastity? Yes.

"W. F. DURFEE, Foreman.

"5. Did the witness W. W. White understand the language used by the defendant? Yes.

"W. F. DURFEE, Foreman.

"6. Did the witness, W. W. White, understand the defendant to mean that the plaintiff, Mrs. Martin, was a woman of unchaste character? Yes.

"W. F. DURFEE, Foreman.

"7. If you find that the defendant used the language charged, did he use such language with the evil purpose of slandering the plaintiff, Mrs. Martin? No.

"W. F. DURFEE, Foreman."

In addition to the special verdicts rendered in response to the foregoing interrogatories or special issues, the jury rendered its general verdict in favor of the plaintiffs for the sum of $750 "for the actual damages to the reputation of the plaintiff, Mrs. Martin."

On motion the court rendered judgment in favor of the defendant *non obstante veredicto* upon the ground that the same was inconsistent with the findings of the jury upon certain of the special issues and directed judgment to be entered against the plaintiffs that they "take nothing herein and that the defendant do have and recover from the plaintiffs his costs herein," etc. The appeal is by the plaintiffs from said judgment, upon the judgment-roll alone.

The ground upon which the court set aside the verdict, as indicated in its judgment, was that the "special verdicts of the jury are inconsistent with the general verdict of the jury . . . and that the special verdicts are consistent only with the judgment in favor of the defendant," etc.

[1] Preliminarily, we may dispose of the contention of the plaintiff that the special issues, numbers 3, 4 and 7, "were superfluous and not pertinent to this case, because punitive or exemplary damages were neither asked of nor awarded by the jury," for which reason, so it is asserted, said issues should not have been submitted to the jury. We can see no merit in the contention. Section 625 of the Code of Civil Procedure provides that in all cases other than in actions for the recovery of money only, or specific real property, "the court may direct the jury to find a special verdict in writing, upon all, or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon." Said section further provides "where a special finding of facts is inconsistent with the general verdict, the former controls

the latter, and the court must give judgment accordingly.'' The purpose to be subserved by submitting to the jury special issues or particular questions of fact is to test the validity of the general verdict—''that is to say, of determining whether all the facts essential to the support of the general verdict were established to the satisfaction of the jury by the evidence.'' (*O'Connell* v. *United Railroads,* 19 Cal. App. 36, 46 [124 Pac. 1022, 1027] ; *Plyler* v. *Pacific etc. Cement Co.,* 152 Cal. 125 [92 Pac. 56] ; *Stein* v. *United Railroads,* 159 Cal. 379 [113 Pac. 663] ; Clementson on Special Verdicts, p. 107.) It is thus manifest that special issues, or particular questions of fact, calling for answers as to facts without the proof of which the plaintiff could not support his action, may be submitted to a jury regardless of whether, as in cases of tort, exemplary or punitive damages may or may not properly be allowed or are within the calls of the complaint.

The point first made by respondent is that the complaint does not state a cause of action for this reason: That the alleged slanderous language used to and concerning Mrs. Floretta Martin is not in and of itself actionable, or slanderous *per se,* and that there is an absence from the complaint of a statement, by way of an inducement, showing extrinsic facts or circumstances in connection with which the alleged slanderous words were used and which is necessary to show that the interpretation placed on said words by the innuendo is justified. There is force to this point; but it is not necessary to consider or pass definitely upon it herein, since the judgment must be affirmed upon the ground upon which the court below substituted it for the verdict returned by the jury. [2] So far as we are advised, it has uniformly been held that the word ''bitch'' or ''son of a bitch'' is not actionable *per se* and that when the former word is applied to a female it does not impute unchastity. (*Craig* v. *Pyles* (Ky. Ct. of Appeals), 39 S. W. 33; *Jacobs* v. *Cater,* 87 Minn. 448 [92 N. W. 397] ; *Warren* v. *Ray,* 155 Mich. 91 [130 Am. St. Rep. 566, 16 Ann. Cas. 513, 118 N. W. 741] ; *Kerone* v. *Block,* 144 Mo. App. 575 [129 S. W. 43] ; *Sturtevant* v. *Duke,* 155 Ky. 100 [48 L. R. A. (N. S.) 615, 159 S. W. 621] ; 25 Cyc. 322; *Peters* v. *Garth,* 20 Ky. L. Rep. 1934 [50 S. W. 682] ; *Nealon* v. *Frisbie,* 11 Misc. Rep. 12 [31 N. Y. Supp. 856] ; *Black* v. *Smith,* 19 R. I. 476 [34 Atl.

995]; *Robertson* v. *Edelstein*, 104 Wis. 440 [80 N. W. 724];
*K——* v. *H——*, 20 Wis. 289 [91 Am. Dec. 397]; Newell,
Slander and Libel, sec. 168, p. 187.)

[3] It is also established by the foregoing cases that the
words spoken must be understood by those who heard them
uttered in a slanderous sense.

It is also the rule that when a slander or libel "is couched
in language having a covert meaning not apparent upon its
face, or in words or phrases not used otherwise than as
slang, or cant terms, it is necessary for a plaintiff not only
to allege and *prove the slanderous or libelous sense in which
the words were used by the defendant,* but also that they
were understood in the same sense by those to whom they
were addressed." (*Edwards* v. *San Jose Printing & Pub-
lishing Society et al.,* 99 Cal. 431, 435 [37 Am. St. Rep. 70,
34 Pac. 128, 129].) In other words, as is said in *Maynard*
v. *Firemen's Fund Ins. Co.,* 47 Cal. 207, quoting from the
syllabi: "When words which are not libelous *per se* contain
a covert meaning which makes them libelous, it is necessary
for the plaintiff to aver in his complaint that the words
were *intended by the defendant to be understood* as imput-
ing wrong-doing to the plaintiff, and that they were, in fact,
so understood by those who read them." (See, also, *Ingra-
ham* v. *Lyon,* 105 Cal. 254, 257 [38 Pac. 892].)

[4] It will be observed from the authorities just named
that there are two elements essential to the establishment
of a case for slander or libel where the alleged slanderous
or libelous words used are not on their face or *per se* slan-
derous or libelous, viz.: First, that the utterer or publisher
of the alleged slanderous or libelous words intended that
they should be understood as imputing wrongdoing or wrong
conduct to the plaintiff; second, that they were so under-
stood by those who heard or read them. [5] In this case,
while the jury, in response to the special issues or particular
questions of fact submitted to them, found that a witness
who heard the words alleged to be slanderous uttered by
the defendant understood the defendant to mean by the
use of said words that the plaintiff Mrs. Martin was a
woman of unchaste character, likewise found that the de-
fendant did not use the language charged with the evil
purpose of slandering said plaintiff. In fact, the jury
expressly found that the defendant did not intend by the

use of the language charged to imply that Mrs. Martin was an unchaste woman.

Manifestly, these special findings are themselves inconsistent, and, as the court below found and adjudged, are palpably inconsistent with the general verdict. In such case, as section 625 of the Code of Civil Procedure provides, the special findings of facts control the general verdict and necessarily it was the duty of the court to give judgment accordingly.

The judgment is affirmed.

Burnett, J., and Finch, P. J., concurred.