McDANIEL v. JORDAN.

Opinion delivered May 26, 1924.

1. LIBEL AND SLANDER—ORAL CHARGE OF UNCHASTITY.—An oral charge of unchastity against a woman is actionable *per se.*

2. LIBEL AND SLANDER—ORAL CHARGE OF FALSEHOOD.—An oral charge of falsehood is not actionable *per se*, and can only be actionable by alleging some special damage which has resulted to the plaintiff as a consequence of speaking the words.

3. APPEAL AND ERROR—INSTRUCTION—PREJUDICIAL ERROR.—The prejudicial error of instructing the jury that an oral charge of falsehood is actionable *per se* was not eliminated by pleading and proof of special damage, as the instruction invades the jury's province.

4. LIBEL AND SLANDER—INSTRUCTION AS TO CHARGING WOMAN AS "BITCH."—An instruction that to call a woman a "bitch" is never actionable is erroneous, as the term may be used to indicate a lewd woman.

5. LIBEL AND SLANDER—COMPLAINT.—A complaint charging the use of words of doubtful or double meaning should, by innuendo and colloquium, charge the meaning which the pleader attributes to them.

Appeal from Lonoke Circuit Court; *George W. Clark*, Judge; reversed.

STATEMENT OF FACTS.

This is an action of slander brought by Mrs. Ruth Jordan against L. J. McDaniel. The complaint is in two

paragraphs. In the first paragraph it is alleged that the plaintiff is a married woman, and resides in Goodrum Township, Lonoke County, Arkansas; that on the ..... day of August, 1922, in Lonoke County, Arkansas, the defendant, in the presence and hearing of several persons, falsely and maliciously stated that he had registered with the plaintiff as husband and wife at a hotel in Little Rock, Arkansas, and while there had had sexual intercourse with her.

In the second paragraph of the complaint it is alleged that, on the ..... day of August, 1922, in Lonoke County, Arkansas, the defendant spoke of and concerning the plaintiff the following words, "that she was a damned little lying bitch."

The defendant filed an answer in which he admitted stating that he had registered at a hotel with the plaintiff as husband and wife, and while there had had sexual intercourse with her, and averred that said statement was the truth. He denied having said of the plaintiff that she was a "damned little lying bitch," or words of similar import.

According to the testimony of the plaintiff, she was a married woman, and had lived about seven miles south of Cabot, Lonoke County, Arkansas, for twenty-five years. She heard of the slanderous remarks which the defendant is alleged to have spoken of her, and detailed the pain and anguish which they caused her. She denied that she had ever had sexual intercourse with the defendant, or that she had ever had any improper relations with him.

Another witness for the plaintiff testified that he had had a conversation with the defendant in August, 1922, in Lonoke County, Arkansas, in which the defendant told him that he had registered with the plaintiff as husband and wife at a hotel in Little Rock, Arkansas, and had slept with her while there. In a few days thereafter the witness had another conversation with the defendant at the same place, and the defendant said of the plaintiff that she was the "lyingest damned little bitch that he ever talked to."

The defendant was a witness for himself. He denied that he had ever said of the plaintiff that she was the "lyingest damned little bitch that he ever talked to," or that he ever spoke words of similar import about her. He admitted that he had stated that he had registered with the plaintiff as husband and wife at a hotel in Little Rock, Arkansas, and had had sexual intercourse with her while there. He testified that this was the truth, and introduced other witnesses whose testimony tended to corroborate his own in this respect.

On the other hand, the plaintiff denied having registered with the defendant at a hotel in Little Rock, Arkansas, and testified that she had never had sexual intercourse with him, or any other kind of improper relations whatever.

Other witnesses introduced by her tended to corroborate her testimony in this respect.

The jury returned a verdict in favor of the plaintiff for the sum of $1,000, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Reed & Beard,* for appellant.

1. This being a civil action for slander, the plaintiff can recover only under the provisions of the statute, C. & M. Digest, §§ 2394, 2395, 2396. A statement charging a woman with being a "damned little liar and a little bitch," or that "she was the lyingest damned little bitch he ever talked to," is not actionable under the law, in the absence of allegations and proof of special damages. 89 Ga. 549; 50 Ind. 336; 104 Wis. 440. It has been held that the word "bitch" does not imply unchastity 101 Ky. 573; 19 R. L. 476; 114 Ia. 46; 27 Ill. App. 394. It was not actionable *per se* to speak of the plaintiff as a liar. 31 Ark. 726. It has even been held that, where one charges another with having "sworn a lie," the words are not actionable in themselves, and do not *per se* impute a charge of perjury, but there must be special allegations, and, to make them actionable, it is neces-

sary to state the special circumstances in reference to which they were spoken and in connection with which they impute the crime of perjury. 24 Ark. 602. See also 19 Ark. 364. The alleged slanderous words complained of are to be given their common acceptation, and it was for the jury to determine, from all the facts developed in the testimony, what the common acceptation was, and the intention and meaning of the party uttering the same. 105 Ark. 254; 92 Ark. 487.

*Wm. J. Waggoner*, for appellee.

The words uttered, which the appellant admits having uttered, that he had registered with plaintiff at a hotel in Little Rock, and that he slept with and had sexual intercourse with her, are actionable *per se.* C. & M. Digest, § 2384; 84 Ark. 487; 36 Ark. 210; 54 Conn. 290; 92 Ark. 486; 121 Ark. 633; 66 N. E. 1042; 18 Ind. 21. The word "bitch," when applied to a woman, is a term of opprobrium, one of the meanings of which is a lewd sensual woman. Oxford Dict.; Webster's; Chambers'; March's Thesaurus; Words & Phrases, vol. 1, 2nd series, p. 453. So also the word "liar" has a legal meaning, and it was the duty of the court to construe it, and not a question of fact for the jury. 10 Ark. 292; C. & M. Dig., §§ 2396, 2401.

Hart, J., (after stating the facts). Under our statute, if any person shall falsely utter words which, in their common acceptation, shall amount to charge any person with having been guilty of fornication or adultery, such words, so spoken, shall be deemed slander, and shall be actionable as such. Crawford & Moses' Digest, § 2394.

In the construction of this statute it has been held that an oral charge of unchastity in a woman is actionable *per se. Jackson* v. *Williams,* 92 Ark. 486. The instructions of the court on this phase of the case were correct. It is contended, however, that the court erred in telling the jury as a matter of law that it is actionable *per se* to utter the defamatory words which charged the plaintiff with being a liar, and in this contention we think counsel are correct.

Under our statute, oral charges of falsehood are not actionable *per se*, and can only be actionable by alleging some special damage which has resulted to the plaintiff, as a consequence of the speaking of the words, and the plaintiff's chance of recovery depends upon his ability to prove the damage alleged. *Studdard* v. *Trucks*, 31 Ark. 726.

In this connection it may be stated that it is actionable *per se* at common law to charge one with having committed a felony; and, under § 2395 of Crawford & Moses' Digest, to charge one with having sworn falsely, whether spoken concerning a judicial proceeding or not. *Stallings* v. *Whittaker*, 55 Ark. 494.

Counsel for the plaintiff defends the instruction on the ground that the complaint was amended so as to allege special damages, and that special damages were proved by the plaintiff. This does not eliminate the prejudice which resulted to the defendant from the instruction. As we have already seen, oral charges of falsehood are not actionable *per se* unless they charge a crime as provided in § 2395 of Crawford & Moses' Digest, and the court erred in telling the jury as a matter of law that the words uttered in this respect were actionable *per se*. The instruction as given invaded the province of the jury by taking away from it the right to determine whether or not the words uttered were actionable. This necessarily resulted in prejudice to the defendant, and calls for a reversal of the judgment.

In this connection it may also be stated that the court erred in telling the jury that it is not actionable under any circumstance merely to call a woman a "bitch." The word "bitch," although a coarse expression and a term of reproach when applied to a woman, does not necessarily import adultery, fornication, or want of chastity. 25 Cyc. 322; 17 R. C. L., § 23, p. 283; case-note to 24 L. R. A. (N. S.) at page 613; case-note to 15 Ann. Cas. at 1247; *Craver* v. *Norton*, 114 Iowa 46, 86 N. W. 54; *Warren* v. *Ray*, 155 Mich. 91, 118 N. W. 741; *Jacobs* v. *Cater*, 87 Minn. 448, 92 N. W. 397; *Blake* v. *Smith*, 19 R.

I. 476, 34 Atl. 995; *Robertson* v. *Edelstein*, 104 Wis. 440, 80 N. W. 724; *Logan* v. *Logan*, 77 Ind. 558; *Stoner* v. *Erisman*, 206 Pa. St. 600; *Craig* v. *Pyles* (Ky.), 39 S. W. 33; and *Peters* v. *Barth* (Ky.), 50 S. W. 682.

It appears from the cases cited above that one of the meanings given to the word "bitch," as applied to a woman, is a lewd woman. The sense in which words are received and understood by the bystanders is the meaning which the courts ought to ascribe to them.

In the present case there should have been proper introductory averments to show the connection in which the word "bitch" was used. Therefore, where words may have a doubtful or double meaning, the plaintiff must, by innuendo and colloquium, charge which meaning he attributes to them, and it will be for the jury to find whether they were spoken with that meaning or not.

Other errors are assigned for a reversal of the judgment, but, inasmuch as they will not likely arise on a retrial of the case, we need not notice them.

For the error in instructing the jury as indicated in the opinion the judgment must be reversed, and the cause will be remanded for a new trial.